IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEONARD K. BAYLIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-11-SLR |
| | ) |
| STANLEY TAYLOR, et al., | ) |
| | ) |
| Defendant(s). | ) |

**MEMORANDUM ORDER**

Plaintiff, Leonard K. Baylis, an inmate housed at the Delaware Correctional Center ("DCC"), moves the court for emergency injunctive relief. (D.I. 3) Plaintiff alleges he has mental health problems and has been treated for his condition for many years.

Plaintiff was originally housed at the Howard Young Correctional Institution ("HRYCI") where he received treatment for his mental health problems which include seizures, fugue state, adult ADD, and chronic depression. (D.I. 2) He was transferred to the DCC on November 17, 2005. He seeks injunctive relief asserting that since his transfer to the DCC he has not received the proper medications and mental health therapy. Id.

When considering a motion for a temporary restraining order or preliminary injunction, plaintiff must demonstrate that he is (1) likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendant(s); and, (4) granting the

injunction is in the public interest. <u>Maldonado v. Houstoun</u>, 157 F.3d 179, 184 (3d Cir. 1997). "[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights," <u>Continental Group, Inc. v. Amoco Chems. Corp.</u>, 614 F.2d 351, 359 (3d Cir. 1980)(quoting <u>Holiday Inns of Am., Inc. v. B & B Corp.</u>, 409 F.2d 614, 618 (3d Cir. 1969)). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." <u>SI Handling Sys., Inc. v. Heisley</u>, 753 F.2d 1244, 1264 (3d Cir. 1985).

Plaintiff's allegations give the court pause. He states that since his transfer to DCC he is not being administered the appropriate medications for his conditions. Nor is he receiving mental health treatment. Therefore, the clerk of the court is directed to send a copy of this memorandum order to defendants Stan Taylor, Thomas Carroll and Chris Malaney and to the Attorney General of the State of Delaware, 820 N. French Street, Wilmington, Delaware, 19801, so that they may respond to the request for injunctive relief on these issues.

NOW THEREFORE, IT IS HEREBY ORDERED this 6th day of January, 2006, that:

1. The clerk of the court is directed to forward a copy of plaintiff's complaint and motion for injunctive relief (D.I. 2, 3) and this memorandum order to the defendants and the Attorney General for the State of Delaware;

2.   On or before **January 20, 2006,** defendants and the Attorney General for the State of Delaware shall file a response to the issues of non-administration of medication and mental health treatment.  The court holds its ruling in abeyance on these issues.

```
                              _____
                              UNITED STATES DISTRICT JUDGE
```