IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEONARD K. BAYLIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-11-SLR |
| | ) |
| STANLEY TAYLOR, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Plaintiff, Leonard K. Baylis, an inmate housed at the Delaware Correctional Center ("DCC"), moves the court for emergency injunctive relief. (D.I. 3) Plaintiff alleges he has mental health problems and has been treated for his condition for many years.

Plaintiff was originally housed at the Howard Young Correctional Institution ("HRYCI"), where he received treatment for his mental health problems which include seizures, fugue state, adult ADD, and chronic depression. (D.I. 2) He was transferred to the DCC on November 17, 2005. He seeks injunctive relief asserting that, since his transfer to the DCC, he has not received the proper medications and mental health therapy. Id. On January 6, 2006, the court ordered defendants to respond to plaintiff's allegations regarding medical treatment. Responses were filed with medical records and reports attached as exhibits. (D.I. 17, 18)

As discussed in the January 6, 2006 order, when considering

a motion for a temporary restraining order or preliminary injunction, plaintiff must demonstrate that: (1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendant(s); and (4) granting the injunction is in the public interest. Maldonado v. Houstoun, 157 F.3d 179, 184 (3d Cir. 1997). "[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 359 (3d Cir. 1980)(quoting Holiday Inns of Am., Inc. v. B & B Corp., 409 F.2d 614, 618 (3d Cir. 1969)). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." SI Handling Sys., Inc. v. Heisley, 753 F.2d 1244, 1264 (3d Cir. 1985).

Defendants argue that Baylis is not entitled to injunctive relief since it is unlikely he will succeed on the merits, and he will not suffer irreparable harm in the absence of an injunction. (D.I. 17) As mentioned above, defendants submitted records in support of their position. The court has thoroughly reviewed the medical records and reports submitted by defendants.

The records show that, as of the date of his transfer to DCC on November 17, 2005, a physician ordered that Baylis be

administered Dilantin[1] twice a day. On the same day he was referred to mental health. On November 19, 2005, Baylis made a request for mental health services and on November 24, 2005, he received mental health treatment, including the medications Ritalin[2] and Prozac[3], and he was scheduled for a follow-up visit in three months. The medication administration record for December 2005 indicates that Baylis was administered Dilantin and Prozac on a daily basis.

Baylis was next seen on January 11, 2006. At that time, Dr. Anthony Cannuli ("Dr. Cannuli") discontinued the use of Ritalin because it is contraindicated in persons with a history of seizures and Baylis has a seizure disorder history. Dr. Cannuli states that Baylis is being prescribed and administered appropriate medication for his conditions and there is no danger of medical/psychiatric harm to Baylis in the administration of the medications Baylis is currently prescribed or in his current mental health treatment plan.

Given the exhibits submitted to the court, Baylis has not demonstrated the likelihood of success on the merits. Baylis alleges that he has not received mental health treatment and

---

[1] Dilantin (phenytoin) is indicated for the control of tonic-clonic (grand mal) seizures and psychomotor (temporal lobe) seizures. www.pfizer.com/pfizer/download/uspi_dilantin125.pdf.

[2] Ritalin is indicated in the treatment of Attention Deficit Hyperactivities Disorder. Physicians' Desk Reference 2256 (60th ed. 2006).

[3] Prozac is indicated in the treatment of major depressive disorder. Physicians' Desk Reference 1773 (60th ed. 2006).

medication, yet the medical records and reports support an opposite conclusion. Other than his allegations, Baylis provides nothing to the court to demonstrate irreparable harm. Indeed, Baylis has neither demonstrated the likelihood of success on the merits, nor has he demonstrated irreparable harm to justify the issuance of emergency injunctive relief.

NOW, THEREFORE, IT IS HEREBY ORDERED this 2d day of February, ~~January,~~ 2006, that the motion for emergency injunctive relief is (D.I. 3) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE