IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEONARD K. BAYLIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-11-SLR |
| | ) |
| STANLEY TAYLOR, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Plaintiff Leonard K. Baylis, an inmate at the Delaware Correctional Center ("DCC"), brings this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and on January 13, 2006, was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 12) The court now proceeds to review and screen the complaint pursuant to 42 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 and § 1915A. Plaintiff is given leave to amend his complaint.

**I.    THE COMPLAINT**

Plaintiff was originally housed at the Howard Young Correctional Institution ("HRYCI"), where he received treatment for his mental health problems which include seizures, fugue state, adult ADD, and chronic depression. (D.I. 2) He was transferred to the DCC on November 17, 2005.  He alleges that

since his transfer to the DCC, he has not received the proper medications and mental health therapy.  Plaintiff alleges that Commissioner Stanley Taylor ("Commissioner Taylor"), Warden Thomas Carroll ("Warden Carroll"), and Chris Malaney ("Malaney"), supervisor of Correctional Medical Services ("CMS"), failed to provide him with access to adequate medical and dental staff and treatment, medication, and appropriate housing for a mentally ill individual.  He seeks the administration of effective medications, appropriate housing where mental health therapy is available on a regular basis, or alternatively, transfer to an institution that provides such care, dental treatment, and punitive damages.

## II. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances.  When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court.  Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief.  An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

## III. ANALYSIS

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege 1) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. Estelle v. Gamble, 429 U.S. at 104; Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Additionally, a prison official may manifest deliberate

3

indifference by "intentionally denying or delaying access to medical care." Estelle v. Gamble, 429 U.S. at 104-05.

Plaintiff broadly alleges that Commissioner Taylor, Warden Carroll, and Malaney failed to provide him with access to adequate medical and dental treatment, medication, and appropriate housing for a mentally ill individual. "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003)(quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Even though the complaint is construed liberally, it does not contain sufficient allegations to alert the defendants of their alleged act or omissions in depriving plaintiff of adequate medical care.

It may be that plaintiff seeks to hold these defendants liable on the basis of their supervisory positions. Supervisory liability, however, cannot be imposed under § 1983 on a respondeat superior theory. See Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing City of Canton v. Harris, 489

4

U.S. 378, 389 (1989)).

There is nothing in the complaint to indicate that these defendants were the "driving force [behind]" plaintiff's alleged constitutional violations. More so, the complaint does not indicate that the defendants were aware of plaintiff's allegations and remained "deliberately indifferent" to his plight. Sample v. Diecks, 885 F.2d at 1118.

Based upon the foregoing analysis, the complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(E)(2)(b). Ever mindful that denial of medical treatment is a serious allegation, plaintiff is given leave to amend his complaint.

**IV.   MOTION TO DISMISS**

At the time he filed his complaint, plaintiff sought injunctive relief asserting that he was not receiving proper medications and mental health therapy. In turn, the court ordered defendants to respond to plaintiff's allegations. (D.I. 4) Defendant Malaney included in his response a section seeking dismissal pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 17, ¶B.2.) More particularly, he argues that the complaint fails to adequately allege his personal involvement.

In support of his position, Malaney refers to documents outside the pleadings. The court, however, does not consider

5

those documents, and looks only to the complaint. See Albright v. Virtue, 273 F.3d 564, 570 (3d Cir. 2001) (if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment"). In considering a Rule 12(b)(6) motion, the court accepts all well-pleaded allegations in the complaint as true and views them in the light most favorable to the plaintiff. Carino v. Stefan, 376 F.3d 156, 159 (3d Cir. 2004). A motion to dismiss may only be granted where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Id.

Malaney's position is well-taken. As discussed above in Section III, the complaint does not contain sufficient allegations to alert the defendants of their personal involvement in their alleged acts or omissions in depriving plaintiff of adequate medical care. Therefore, the motion to dismiss (D.I. 17) is granted, with the caveat that plaintiff is given leave to file an amended complaint.

## V.  APPOINTMENT OF COUNSEL

Plaintiff moves for appointment of counsel on the bases that he is incarcerated, unskilled in the law, receives limited law library access, expects that expert testimony will be necessary in the case, and appointed counsel would serve "the best interest of justice" in the case. (D.I. 14) A pro se litigant proceeding

6

in forma pauperis has no constitutional or statutory right to appointed counsel. See Ray Robinson, 640 F.2d 474, 477 (3d Cir. 1981). It is within this court's discretion to seek representation by counsel for plaintiff. This is done "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

Having reviewed plaintiff's complaint, the court finds that his allegations are not of such a complex nature that representation by counsel is warranted at this time. The various papers and pleadings submitted by plaintiff reflect an ability to coherently present the facts and his arguments. It may be that at some point in time expert testimony should be elicited. However, at this juncture the necessity of expert testimony remains an uncertainty. Accordingly, plaintiff's motion for appointment of counsel (D.I. 14) is denied without prejudice.

**VI. CONCLUSION**

NOW THEREFORE, at Wilmington this 24th day of February,

2006, IT IS HEREBY ORDERED that:

1.  The complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

2.  Plaintiff is given leave to amend the complaint. The amended complaint shall be filed within thirty days from the date of this order. If an amended complaint is not filed within the time allowed, then the case will be closed.

3.  The motion to dismiss filed by Malaney is GRANTED, however, as noted above, plaintiff is given leave to amend the complaint.

4.  The motion for appointment of counsel is DENIED without prejudice.

_____
UNITED STATES DISTRICT JUDGE