# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LEONARD K. BAYLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-11-SLR |
| | ) | |
| STANLEY TAYLOR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## STATE DEFENDANT STANLEY TAYLOR'S RESPONSE TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

State Defendant Stanley Taylor ("State Defendant") hereby opposes Plaintiff's Motion to Amend the Complaint [D.I. 34], and in support thereof, states as follows:

1. On or about May 8, 2006, Plaintiff filed what is, in effect, a Motion to Amend the Complaint.[1] Plaintiff seeks leave to add Thomas Carroll, Warden at Delaware Correctional Center ("DCC") and Counselor Italia, a counselor at DCC, as Defendants in this matter. However, Plaintiff offers no factual allegations in support of adding these individuals as parties to his action. In fact, other than listing their names, Plaintiff does not mention them at all in his Motion to Amend.

2. Leave to amend a complaint should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). However, the court has discretion to deny leave to amend when the amendment would be futile. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). An amendment would be futile for the purposes of Rule 15(a) if, accepting all the well pleaded facts as true, the amended complaint does not state a claim upon which relief

---

[1] D.I. 34 also presents a motion for a restraining order. This Response neither addresses nor concedes this second issue.

may be granted. *See Satellite Fin. Planning Corp. v. First Nat'l Bank of Wilmington,* 646 F. Supp. 118, 120 (D. Del. 1986). That is, "the court should apply the same standards as are applied to Rule 12 (b)(6) motions to dismiss." *Id.*

3. "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003) (*quoting Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). Plaintiff's Motion to Amend contains no mention of the proposed new defendants and provides no facts to support claims against them. Thus, there can be no showing of personal involvement, Plaintiff's proposed amendment fails to state a claim, and his Motion to Amend must be denied.

WHEREFORE, State Defendant Stanley Taylor respectfully requests that this Court deny Plaintiff's Motion to Amend the Complaint.

                                                  STATE OF DELAWARE
                                                  DEPARTMENT OF JUSTICE

                                                  /s/ Eileen Kelly
                                                  Eileen Kelly, I.D. No. 2884
                                                  Deputy Attorney General
                                                  Carvel State Office Building
                                                  820 North French Street, 6th Floor
                                                  Wilmington, DE  19801
                                                  (302) 577-8400
                                                  eileen.kelly@state.de.us
                                                  Attorney for Defendants

Date:  May 10, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on May 10, 2006, I electronically filed *State Defendant Stanley Taylor's Response to Plaintiff's Motion to Amend the Complaint* with the Clerk of Court using CM/ECF. I hereby certify that on May 10, 2006, I have mailed by United States Postal Service, the document to the following non-registered party: Leonard K. Baylis.

/s/ Eileen Kelly
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us