In The United States District Court
District of Delaware

Leonard K Baylis
   Plaintiff

v.                                          CA# 06-11-SLR

Stanley Taylor et al
   Defendants

FILED
MAY 18 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Plaintiff's Response to State Defendant's Opposition to Ammend Complaint.

In Response to State Defendant's 10 May, 06 Arguement Against Plaintiffs Motion to Amend the above Complaint, Plaintiff offers the following:

Copys of letters to Warden Carrol, Stanley Taylor and Chris Malaney — And grievences regarding my mental illness (see index); Requests for proper treatment and to be

II

housed in an area that will not place Plaintiff in jeopardy or exacerbate Plaintiffs illness (See index and exhibits.)

Plaintiff seeks to add Warden Thomas Carroll and Counselor Cindy Atallian, both at the Delaware Correctional Center, Smyrna, Delaware, to the above case for their non-action to serious and legitimate complaints that, left unguarded, will, and has cost Plaintiff measurable repercussions to his well being and safety.

Plaintiff asserts that these individuals named above, and defendants listed in original complaint, have, along with peripheral staff, failed to take appropriate action to ensure that Plaintiffs' mental health problems are not exacerbated and that Plaintiffs physical safety is not needlessly placed in jeopardy. Furthermore, that while plaintiff attempts to gain relief, Plaintiff does not receive prohibited "extra punishment" — (that is the Prisons only recourse against such abuses is to place Plaintiff in punitive area for their lack of

III

alternitives that are just and humane.)

Plaintiff asserts 8th Amendment violations perpetrated by Stan Taylor, Warden Carroll and peripheral staff, by their "not acting when a prisoner proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to safety." (Megill vs. Duck, 944 F2d at 349. And that prisoner who believes he is being subjected to substantial risk of serious injury, due to officials' failure to protect him from harm is Not required to wait for "tragic event," such as an actual assault before obtaining relief, but may bring action seeking injunction based on claim that officials are knowingly disregarding objectively intollerable risk of harm and will continue to do so. (U.S.C.A. Const. Amend 8)

Since November, 05 Plaintiff, to the best of his ability, has been communicating with prison officials regarding Plaintiff's mental health problems and problems with housing. Several times Plaintiff was almost injured or was driven to the edge to cause injury

IV

to protect himself. On one occasion Plaintiff was found "off limits" in a Fugue, attempting to get medical attention in the medical area. Plaintiff was written up for this — punished for his mental problems — and Plaintiff's mental health is worsening as time goes on without proper treatment and proper housing.

Often Plaintiff has difficulty writing a legal paper — both setting out the points he wishes to bring forth and staying within the framework of the rules of the court. Sometimes Plaintiff cannot think correctly or write at all. Plaintiff, however asserts that his complaint, however unartfully pleaded, must be construed liberally and held to less rigid standards than those drafted by attorneys. (Haines v Kerner, 404 U.S. 519, 521; 92 S.Ct. 594, 596)

Finally Plaintiff asserts that what he has been asking of prison officials and medical persons, since November 05 — without receiving a meaningful and appropriate solution — is plain to understand;

V

this is, that Plaintiff is asking for proper mental health treatment — Quality over Quantity: (mere volume [if any] of medical attention given to inmate is insufficient to defeat Eigth Amendment claim alleging deliberate indifference — 42 U.S.C.A § 1983, U.S.C.A. Const. Amend 8

As far as how Warden Carrol and peripheral staff are responsible in this, Plaintiff asserts that Wardens are charged by law to provide adequate medical services and that Supervisory persons, with the power and duty to ensure adequate medical care may be held liable under § 1983 for breaches of their legal obligation resulting in Constitutional violations (Hill v Marshall, 962 F2d 1209, 1213; Miranda v Munoz, 770, F2d, 260, 61; Ford v Lane 714 F Supp: 310, 315.

The issues Plaintiff have presented to prison staff and medical are plain and clear. The institutional staff has, for one reason or another, decided to ignore the issues and cause this complaint. There appears to be no working internal

## VI

mechanism existing in the institution for bringing to arbitration serious and legitimate issues. Semantics are aplenty; Actual Solution-Minded-tools are Rare.

If for some Reason Plaintiff has not presented this case in an understandable way, Plaintiff, in the face of the seriousness of the issue, Respectfully Requests Appointment of Counsel. Plaintiff emphasizes — as well as his short-comings in law — his mental disorder and his periods of time unable to write, think in Rightful order and Respond Coherently, in the face of the Complexity of issues, his need for elusive Records and Professional input (objective professional input) . . . . Plaintiff Asserts the nature of the evidence indicates the truth will more likely be exposed where both sides are Represented by Counsel. (McNeil v Lowney, 831 F2d 1368, 1371-72.)

Wherefore Plaintiff prays the Court to Order the Following:

**#1** Add to the Complaint Above, Warden

<u>VII</u>

Thomas Carroll and Counselor Cindy Attallian – Both of the Delaware Correctional Center, Smyrna, Delaware.

#2 To grant an emergency injunction to move that plaintiff be housed in an area suitable for those with mental illness and special needs; where plaintiff will not be targeted or threatened. And where mental health treatment and actual and regular therapy is administered. Also that plaintiff recieve proper medication consistant with medical reality – Quality over Quantity – and that plaintiff not be further punished or have his punishment compounded because of his mental illness.

To grant appointment of counsel to plaintiff to better ensure clarity and placement of issues (to the court) and to better ensure that the truth will more likely be exposed where both sides are equally represented.

Truthfully and Respectfully Submitted

15 May 06

Leonard Baylis
Leonard Baylis 100231
Smyrna, Delaware 19977

# CERTIFICATE OF SERVICE

I, _Leonard Baylis_, hereby certify that I have served a true and correct copy of the attached motion upon the following party, on the 16th day of _May_, _06_.

✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶

✶✶ Circle the Department of Justice you are serving ✶✶

| Deputy Attorney General | Deputy Attorney General | Deputy Attorney General |
|---|---|---|
| Department of Justice | Department of Justice | Department of Justice |
| 820 North French Street | 102 West Water Street | 114 East Market Street |
| Wilmington, DE 19801 | Dover, DE 19901 | Georgetown, DE 19947 |

(Wilmington circled)

Attorney Kevin Connors: Atty For Correctional Medical Systems: 1220 N. Market St. 5th Floor P.O. Box 8888 Wilmington, DE 19899

16 May 06
Date Signed

_(signature)_
Signature of Movant (Notarization not required)



I/M Leonard Baylis
SBI# 100231 ; UNIT 22-A-u-4
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Clerk of The Court
U.S. District Court
District of Delaware
844 N. King St. Lockbox 18
Wilmington, Delaware
19801-3570