ORIGINAL

In The United States District Court
District of Delaware

Leonard Baylis

v.

Stanley Taylor et al

C.A. # 06-11-SLR



FILED
JUN 23 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD scanned

Plaintiff's Reply To Defendants
Arguement Against
Motion For Injunctive Relief

Plaintiff concedes that on 12 June 06 Plaintiff was transferred to Mental Health Unit. And this part is satisfied.

However, other issues brought before the Court in Motion For Injunctive Relief have not been answered.

Such as: In Motion For Injunctive

Relief, At page VII - See exhibit A: "where Mental Health treatment... Medication be Consistant with Modern Medical Reality..."

Plaintiff is being treated for Attention Deficit Disorder, Depression And Seizure/Fugue. Plaintiff was taken off ADD Medication, Ritalin And placed on Wellbutrin 1 x day. Plaintiff was taken off Ritalin because "it poses Risk for Seizure" See exhibit B

The Medication, Wellbutrin poses more A Risk for Seizure than Ritalin or Adderal See exhibit C, pg 8

And Wellbutrin must be Administered *twice daily to have effect on ADD See exhibit C, pg 8. (Plaintiff Receives Wellbutrin 1 x day And it is not the Sustained Release dossage As mentioned in Exhibit *(21st June changed to twice daily)

III

There are other medications suitable for the treatment of ADD see exhibit E pg 8. And when one changes ones medication for treatment of multi disorders, the change or removal of one medication will affect the dynamics or synergy of the total or combined affect of the other medications. See exhibit C pg 9

Plaintiff asserts that there needs to be an evaluation/reconsideration of medications; this to observe the actual effectiveness, if any, of the half the recommended dossage of replacement medication, Wellbutein against the reservations of the first line medications for ADD — Ritalin or Adderal See exhibit C pg 2-6

With the benefit of extensive research it is determined by National Mental Health experts that the best medications — if for some reason first line medication are not allowed (and in this case, removed) —

IV

In order of effectiveness are listed as follows see exhibit C pg 8. Bottom line is that the most successful medications in place of first line medications for ADD are <u>modafinil or provigil</u>    see exhibit C pg 8.    However this medication is not considered because of cost.

Plaintiff, because he still experiences episodes of psychic distress and confusion, asserts that current treatment is not appropriate <u>And</u> that there is insufficient medical staff to administer the proper monitoring and time for effective mental health

treatment, counseling and actual therapy to defeat Eigth Amendment claim alleging deliberate indifference. See Ramos v Lamm supra 639 F2d 575. Mere volume of treatment is not sufficient as well - 42 U.S.C.A § 1983 Const. Amend 8

Plaintiff prays to get treatment enough so that he may better understand and deal with his illness where perception becomes fractured and works against his intelligence. For example, his periodic inability to think in chronological order, for periods of

~~III~~ VI

Confusion and psychic distress in response to stimulas that is normal to others; to better understand, and deal with, with medication and therapy (proper medication and therapy) the total of his illness and diminish the occurrance of self destructive behaviors and the likelihood of being another number on the prison count. In the future.

Important to this issue is that the Dept. of Corrections did not act on this until brought before the Court — See exhibit D.

Also, the State's answer asserts that

VII

"Plaintiff failed to participate in the 'Greentree' program." They (Defendants) do not note that plaintiff was actually classified to the 'Life Skills Program'. See exhibit E.

Surely it was errant to move plaintiff with noted disturbances, abruptly, from a Mental Health Unit at Gandee Hill Prison to an inmate run, highly confrontational and highly suspect (incidences of abuse in the program) area such as the "Greentree" program. Especially when plaintiff was classified to 'life skills', a classroom program.

## VIII

Plaintiff asserts that, due to Dept of Corrections' delay in moving him to the Mental Health Unit and not taking protective measures when aware of possible harm, after grievances and letters were submitted; after several incidences occurred in view of Correctional Officers, and plaintiff being exposed to violence and threats of violence, anxiety, chest pains - Absolute hades, some days... Plaintiff asserts that such is likely to be repeated if plaintiff is placed back in general population — And that psychic

distress will further culminate if Plaintiff is not given proper medications — Be properly and timely evaluated as to how these medications are working, and proper Mental Health treatment/therapy which is NOT constrained by medical understaffing and meets current mental health realities and rulings e.g. (see) Tillery v Owens, 719 F Supp At 1303.

Plaintiff asserts that absent injunctive relief psychological deterioration will be likely, self improvement unlikely

And needless suffering will continue.

Respectfully Submitted

20 June 06   Leonard Baylis

Leonard Baylis 100231
Delaware Correctional Center
Smyrna De  19977

## Certificate of Service

I, Leonard Bayles, hereby certify that I have served a true and correct cop(ies) of the attached: Answer to Argument Injunctive Relief upon the following parties/person (s):

TO: Eileen Kelley
Dept of Justice
820 N. French St
Wilmington De 19801

TO: _____

TO: _____

TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

On this 21st day of June, 2006

Leonard Bayles

I/M Leonard Kaplis
SBI# 100231 UNIT 23-D-L-3
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Office of Clerk
United States District Court
District of Delaware
844 N. King St. Lockbox 18
Wilmington Delaware
19801-3570

Dated Legal 21 June 06