## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **LEONARD K. BAYLIS** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **Civ. No: 06-11-SLR** |
| **v.** | : | |
| | : | **JURY OF 12 DEMANDED** |
| **STANLEY TAYLOR, et al** | : | |
| | : | |
| **Defendant(s)** | : | |


**EXHIBITS A THROUGH D IN SUPPORT OF MEMORANDUM OF POINTS AND
AUTHORITIES OF DEFENDANTS, CHRISTINE MALANEY, DR. ANTHONY CANNULI,
AND CHARLES BENTON, IN SUPPORT OF THEIR MOTION TO
<u>DISMISS PLAINTIFF'S COMPLAINT</u>**

<div style="margin-left:40%">

MARSHALL, DENNEHEY, WARNER,
COLEMAN AND GOGGIN

BY:  <u>/s/Kevin J. Connors</u>
KEVIN J. CONNORS, ESQUIRE,(DE ID # 2135)
LORENZA A. WOLHAR, (DE ID # 3971)
1220 N. Market Street, 5th Floor
P.O. Box 130
Wilmington, DE  19899-0130
(302) 552-4302
Attorneys for Defendants, Christine Malaney, Dr. Anthony
Cannuli, M.D. and Charles Benton

</div>

DATED: <u>June 26, 2006</u>

# EXHIBIT "A"

Get a Document - by Citation - 1998 U.S. Dist. LEXIS 23397

Case 1:06-cv-00011-SLR   Document 33-2   Filed 06/26/2006   Page 3 of 21   Page 1 of 2

*1998 U.S. Dist. LEXIS 23397, **

JOHN LLOYD FITZGERALD, Plaintiff, v. MICHELLE SEPTER, DEPARTMENT OF CORRECTION, OFFICER CUMMINGS, and PRISON HEALTH SERVICES, INC., Defendants.

Civ. A. No. 97-663-JJF

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

1998 U.S. Dist. LEXIS 23397

July 27, 1998, Decided

**DISPOSITION:** [**1] Defendants' Motion To Dismiss granted.

**COUNSEL:** John Lloyd Fitzgerald, Plaintiff, Pro se.

Kerry Doyle-Shannon, Esq., WHITE & WILLIAMS, Wilmington, Delaware, Attorney for Defendants Michelle Septer and Prison Health Services, Inc.

Allison L. Peters, Esq., State of Delaware, Department of Justice, Wilmington, Delaware, Attorney for Defendants Department of Correction and Officer Cummings.

For PRISON HEALTH SERVICES, INC., defendant: John D. Balaguer, Kerry Doyle-Shannon, White & Williams, Wilmington, DE.

**JUDGES:** Joseph J. Farnan, Jr., Chief Judge.

**OPINIONBY:** Joseph J. Farnan, Jr.

**OPINION: MEMORANDUM OPINION**

July 27, 1998

Wilmington, Delaware

FARNAN, Chief Judge.

Presently before the Court is State Defendants Department of Correction's and Officer Cummings' Motion To Dismiss (D.I. 27). State Defendants seek dismissal of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

Plaintiff is an state prisoner committed to the custody of the Delaware Department of Correction. In his Complaint, Plaintiff alleges that while incarcerated in the Webb Correctional Facility, his right [**2] to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments was violated by virtue of the State Defendants' failure to provide adequate medical treatment to him when his fell from his bed on June 9, 1997. (D.I. 4). Defendants base their Motion To Dismiss on their contention that Plaintiff has not alleged facts sufficient to establish a deliberate indifference to Plaintiff's serious medical needs, as required under Estelle v. Gamble, 429 U.S. 97, 50 L. Ed. 2d 251, 97 S. Ct. 285 (1976).

Plaintiff's Complaint alleges that after he fell he received medical attention from the medical staff. The Court reads Plaintiff's Complaint to allege Plaintiff's dissatisfaction with the medical care that he was provided. The Complaint does not assert any facts that could support an allegation of deliberate indifference. See Estelle, 429 U.S. at 106. Therefore, because mere dissatisfaction with the medical care administered to a prisoner is insufficient to support a cognizable claim under 42 U.S.C. § 1983, Defendants' Motion To Dismiss (D.I. 27) will be granted.

An appropriate Order will be entered.

Get a Document - by Citation - 1998 U.S. Dist. LEXIS 23397

Case 1:06-cv-00011-SLR    Document 33-2    Filed 06/26/2006    Page 4 of 21    Page 2 of 2

**ORDER  [*3]**

At Wilmington, this 27th day of July, 1998 for the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY ORDERED that State Defendants Department of Correction's and Officer Cummings' Motion To Dismiss (D.I. 27) is GRANTED.

Joseph J. Farnan, Jr.

UNITED STATES DISTRICT JUDGE

# EXHIBIT "B"

Get a Document - by Citation - 2003 U.S. Dist. LEXIS 21334                    Page 1 of 3

Case 1:06-cv-00011-SLR   Document 33-2   Filed 06/26/2006   Page 6 of 21

2003 U.S. Dist. LEXIS 21334, *

FRANK WHALEN, JR., Plaintiff, v. CORRECTIONAL MEDICAL SERVICES, DR. KEITH IVENS AND MELODY A. THORPE, Defendants.

<u>View the Full Docket from LexisNexis CourtLink for 1:02cv246</u>
Civil Action No. 02-246 JJF

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

2003 U.S. Dist. LEXIS 21334

November 20, 2003, Decided

**SUBSEQUENT HISTORY:** Complaint dismissed at <u>Whalen v. Ivens, 2004 U.S. Dist. LEXIS 9532 (D. Del., May 11, 2004)</u>

**PRIOR HISTORY:** <u>Whalen v. Corr. Med. Serv., 2003 U.S. Dist. LEXIS 14562 (D. Del., Aug. 18, 2003)</u>

**DISPOSITION:** [*1] Motion to dismiss complaint granted.

### CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff inmate alleged that various acts by defendant correctional medical services and its employees amounted to a deliberate indifference to his medical needs, and therefore, violated his Eighth Amendment rights. The inmate alleged that during his incarceration defendant nurse practitioner administered to him an excessive amount of the drug Nubain, leading to his "near death and paralysis." The nurse practitioner moved to dismiss.

**OVERVIEW:** In order to successfully allege a <u>42 U.S.C.S. § 1983</u> action for failure to provide medical care under the Eighth Amendment, the inmate had to allege practices that violated "evolving standards of decency." The nurse practitioner argued that the inmate's complaint did not allege that she personally committed any acts amounting to a deliberate indifference to the inmate's medical needs. The court sustained her motion to dismiss under Fed. R. Civ. P. 12(b)(6). In his complaint, the inmate alleged that he was given an overdose of Nubain which led to him coming near death and paralysis. The court ruled that, although this allegation sufficiently pled an action for medical malpractice, an incident of medical malpractice did not amount to an Eighth Amendment violation simply because plaintiff was an inmate. Even when viewed under the liberal standards provided by Fed. R. Civ. P. 8(a), the court concluded that the inmate's complaint failed to state a claim.

**OUTCOME:** The motion to dismiss the inmate's complaint was granted.

**CORE TERMS:** deliberate indifference, inmate, motion to dismiss, medical malpractice, paralysis, excessive, amounting

### LexisNexis(R) Headnotes ◆ Hide Headnotes

Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Failures to State Claims 

*HN1* When reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. A court will grant a defendant's motion to dismiss only if it appears that the plaintiff could prove no set of facts that would entitle him or her to relief. A court is to construe a handwritten pro se complaint liberally, holding it to a less stringent standard than pleadings drafted by attorneys. <u>More Like This Headnote</u> | <u>Shepardize: Restrict By Headnote</u>


Civil Rights Law > Prisoner Rights > Medical Treatment 🖳

Criminal Law & Procedure > Postconviction Proceedings > Imprisonment 🖳

Torts > Malpractice & Professional Liability > Healthcare Providers 🖳

*HN2* ⬇ In order to successfully allege a 42 U.S.C.S. § 1983 action for failure to provide medical care under the Eighth Amendment, an inmate plaintiff must allege practices that violate evolving standards of decency. Medical malpractice does not become an Eighth Amendment violation merely because the plaintiff is a prisoner. Instead, the defendant's action must be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. To meet this standard of deliberate indifference, the defendant must know of the inmate's condition and disregard an excessive risk of the inmate's health or safety. More Like This Headnote

Civil Rights Law > Prisoner Rights > Medical Treatment 🖳

Criminal Law & Procedure > Sentencing > Cruel & Unusual Punishment 🖳

Torts > Malpractice & Professional Liability > Healthcare Providers 🖳

*HN3* ⬇ An incident of medical malpractice does not amount to an Eighth Amendment violation simply because plaintiff is an inmate. More Like This Headnote

**COUNSEL:** Frank Whalen, Jr., Pro se Plaintiff.

Kevin J. Conners, Esquire of MARSHALL, DENNEHEY, WARNER, COLEMAN AND GOGGIN, Wilmington, Delaware. Attorney for Defendant, Melody A. Thorpe.

**JUDGES:** JOSEPH J. FARNAN, JR., UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** JOSEPH J. FARNAN, JR.

**OPINION: MEMORANDUM OPINION**

Wilmington, Delaware

**Farnan, District Judge.**

Presently before the Court is the Motion Of Defendant, Melody A. Thorpe, To Dismiss Plaintiff's Complaint. (D.I. 35.) For the following reasons, the Court will grant Defendant's Motion.

**BACKGROUND**

Plaintiff is an inmate alleging that various acts by Correctional Medical Services and its employees amounted to a deliberate indifference to his medical needs, and therefore, violated his Eighth Amendment rights. Plaintiff alleges that during his incarceration Defendant administered to him an excessive amount of the drug Nubain, leading to his "near death and paralysis." (D.I. 2.) Defendant is a nurse practitioner who was employed by Correctional Medical Services at the time Plaintiff was treated. By her Motion (D.I. 35), Defendant moves **[*2]** to dismiss Plaintiff's Complaint.

**STANDARD OF REVIEW**

*HN1* ⬆ When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must "accept as true the factual allegations in the Complaint and all reasonable inferences that can be drawn therefrom." Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). A court will grant a defendant's motion to dismiss only if it appears that the plaintiff could prove no set of facts that would entitle him or her to relief. A court is to construe a handwritten pro se complaint liberally, holding it to a

less stringent standard than pleadings drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 50 L. Ed. 2d 251, 97 S. Ct. 285 (1976).

## DISCUSSION

Defendant contends that Plaintiff has not satisfied the notice pleading required of Federal Rule of Civil Procedure 8(a). Specifically, Defendant contends that Plaintiff's Complaint does not state a claim of deliberate indifference amounting to an Eighth Amendment violation. Further, Defendant contends that Plaintiff's Complaint **[*3]** does not allege that she personally committed any acts amounting to a deliberate indifference to Plaintiff's medical needs. In response, Plaintiff contends that his Complaint sufficiently alleged acts demonstrating Defendant's deliberate indifference in administering excessive doses of Nubain thereby leading to his alleged injury.

*HN2* In order to successfully allege a Section 1983 action for failure to provide medical care under the Eighth Amendment, an inmate plaintiff must allege practices that violate "evolving standards of decency." Estelle, 429 U.S. at 102. Medical malpractice does not become an Eighth Amendment violation merely because the plaintiff is a prisoner. Id. at 105. Instead, the defendant's action must be said to constitute "'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" Id. at 106. To meet this standard of deliberate indifference, the defendant must know of the inmate's condition and disregard an excessive risk of the inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 837, 128 L. Ed. 2d 811, 114 S. Ct. 1970 (1994). Applying these standards, **[*4]** the Court will grant Defendant's motion to dismiss.

In his Complaint, Plaintiff alleges that "he was given an overdose of the Narcotic [sic] Nubain by defendants on 12-18-2000 at 2:30 P.M.; which led to plaintiff coming near death and paralysis." (D.I. 2.) Although this allegation sufficiently pleads an action for medical malpractice, *HN3* an incident of medical malpractice does not amount to an Eighth Amendment violation simply because Plaintiff is an inmate. See Estelle, 429 U.S. at 102. Accordingly, even when viewing Plaintiff's Complaint under the liberal standards provided by Rule 8 (a) and Estelle, the Court concludes that Plaintiff has failed to state a claim upon which relief can be granted.

An appropriate order will be entered.

## ORDER

WHEREAS the Defendant Melody A. Thorpe filed a Motion To Dismiss Plaintiff's Complaint (D.I. 35);

IT IS HEREBY ORDERED this 20 day of November, 2003, that Defendant Melody A. Thorpe's Motion To Dismiss Plaintiff's Complaint (D.I. 35) is GRANTED.

JOSEPH J. FARNAN, JR.

UNITED STATES DISTRICT JUDGE

# EXHIBIT "C"

| STATE OF DELAWARE | PROCEDURE NUMBER: | PAGE: |
|---|---|---|
| BUREAU OF PRISONS | 4.4 | 1 OF 7 |
| PROCEDURE MANUAL | RELATED ACA STANDARDS: 36 | |
| CHAPTER: 4 DECISION-MAKING RELATING TO INMATES | SUBJECT:    INMATE GRIEVANCE PROCEDURE | |
| APPROVED BY THE CHIEF, BUREAU OF PRISONS | | |
| EFFECTIVE DATE: *Revised* 5/15/98 | | |

I.    AUTHORITY:   DOC Policy 4.4

II.   PURPOSE:

   To establish an Inmate Grievance Procedure designed to
   reduce tension in correctional facilities and to effectively
   resolve the vast majority of cases within our system.  Every
   inmate will be provided a timely, effective means of having
   issues brought to the attention of those who can offer
   administrative remedies before court petitions can be filed.
   NOTE:   Inmates are encouraged to seek their counselors'
   advice on how to best pursue a response to concerns before
   prematurely filing a grievance under the guidelines that
   follow.

III.  APPLICABILITY:

   All BOP employees, volunteers, persons or organizations
   conducting business with the BOP; all inmates under BOP
   custody or supervision.

IV.   DEFINITIONS:

   A.    Bureau Grievance Officer (BGO):  A BOP employee who
         reviews and mediates appeal of the Warden's/Warden's
         Designee decision.

   B.    Emergency Grievance:  An issue that concerns matters
         which under regular time limits would subject the
         inmate to a substantial risk of personal, physical or
         psychological harm.

   C.    Grievance:  A written complaint concerning the
         substance or application of a policy or practice; any
         action toward an inmate by staff or other inmates; any
         condition or incident within the institution that
         affects an inmate.

| STATE OF DELAWARE BUREAU OF PRISONS | PROCEDURE NUMBER: 4.4 | PAGE: |
|---|---|---|
| SUBJECT:   INMATE GRIEVANCE PROCEDURE | | 2 OF 7 |

D.   Inmate Grievance Chair (IGC):  An institutional employee designated to handle inmate grievances.

E.   Inmate Grievance Procedure (IGP):  The formal process provided to inmates to resolve disputes.

F.   Outside Reviewer:  An individual not associated with DOC who hears inmate grievance appeals referred by the BGO and Bureau Chief of Prisons.

H.   Resident Grievance Committee (RGC):  A committee comprised of institutional staff and inmates that hears inmate grievances and makes a recommendation to the Warden/Warden's Designee.

I.   Reprisal:  Any action or threat of action against inmates or staff based solely on their participation or use of the IGP.

J.   Medical Grievance Committee (MGC): An institution's specific medical review authority comprised of a minimum of three medical services contractual staff from the following list:

        Health Services Administrator
        Director of Nursing
        Charge Nurse
        Chief Medical Officer
        Medical Records Clerk
        Mental Health Counselor
        Chief Dental Officer
        Dental Assistant

V.   PROCEDURE:

1.   Copies of the IGP shall be available in each institutional housing unit, in each library, in each counselor's office, and in each IGC office.

2.   All inmates, regardless of physical condition/security status/administrative status, shall be entitled to use the IGP.  Inmate complaints regarding policies and conditions must be within DOC jurisdiction.  This includes actions by employees, inmates, and incidents occurring within the institution that affect them personally.  NOTE: Policies that have their own formal appeal mechanisms are not grievable through the IGP. Specifically excluded from the IGP are issues concerning Disciplinary, Classification, and Parole

| STATE OF DELAWARE BUREAU OF PRISONS | PROCEDURE NUMBER: 4.4 | PAGE: 3 OF 7 |
|---|---|---|
| SUBJECT:   INMATE GRIEVANCE PROCEDURE | | |

Board decisions.

3. The IGP shall afford the grievant a meaningful remedy. Relief may include an agreement by the Warden/Warden's Designee to remedy an objectionable condition within a reasonable, specified time period; change in institutional policy or practice; or restitution.

4. The IGP prohibits reprisals against staff or inmates for their use or participation in the process. If either participant experiences adverse reactions, they may appeal directly to the Warden/Warden's Designee. The Warden/Warden's Designee shall offer a written response within 10 calendar days upon receipt of the appeal. This decision is appealable to the Bureau Chief of Prisons for final disposition.

5. No staff or inmate named as a party to the grievance shall participate in any capacity in the resolution decision. This instruction includes contact for purposes of information gathering not merely decision making. Grievances filed against the IGC or appealing authority shall be referred to the next higher authority.

6. All grievances shall be kept separate from the inmate's master file. Neither staff or inmates shall have access to these records except to the extent necessary for clerical processing, resolution, or decision compliance.

7. The maximum period between initial grievance receipt and final appeal response shall not exceed 180 calendar days. If a full RGC cannot be convened as scheduled, another hearing shall be rescheduled within 7 calendar days.

8. Inmates are prohibited from submitting more than one grievance arising from a single incident.

9. If more than one inmate files a grievance on the same incident, the IGC will consolidate the staff investigations and RGC hearings into a single "group grievance". All individuals involved will be notified by the IGC.

| STATE OF DELAWARE BUREAU OF PRISONS | PROCEDURE NUMBER: 4.4 | PAGE: 4 OF 7 |
|---|---|---|
| SUBJECT:    INMATE GRIEVANCE PROCEDURE | | |

10. The IGC shall provide a copy of the response to each IGP step to the grievant within 7 calendar days of IGC receipt.

11. The RGC shall be comprised of two inmates who are elected by a majority vote from their own housing unit and two staff designated by the Warden/Warden's Designee. Designated staff should include custody and treatment staff, as well as, those who have frequent contact with the grievant's housing unit. Each RGC member has one vote; the IGC shall only vote to break a tie.

12. Inmate RGC members and two inmate alternates shall serve for a term of six months. Staff RGC members serve at the discretion of the Warden/Warden's Designee. One staff member shall be from Treatment and one from Security.

13. The RGC shall deliberate on its findings and forward its recommendation to the Warden/Warden's Designee.

14. All investigative work must be completed and documented prior to the RGC hearing.

15. Inmates are allowed to retract a grievance at any time during the process by written notice to the IGC.

16. The IGC shall submit a monthly IGP status report to the BGO and the Bureau Chief of Prisons.

17. The BGO and the Bureau Chief of Prisons share responsibility for IGP revisions/amendments. Distribution to all points of inquiry listed in #01 above shall be the responsibility of the Warden/Warden's Designee.

18. Remedies which are dependent on departments or agencies outside of the DOC may require more time for coordination of implementation steps. The IGC shall notify the grievant of the implementation plan and schedule upon receipt of written notification of concurrence by the outside entity.

19. The specific duties of the IGC and BGO are listed in the "Inmate Grievance Procedure Training Manual". Analysis of their performance is the sole responsibility of their immediate supervisors.

| STATE OF DELAWARE BUREAU OF PRISONS | PROCEDURE NUMBER: 4.4 | PAGE: 5 OF 7 |
|---|---|---|
| SUBJECT:   INMATE GRIEVANCE PROCEDURE | | |

## IGP RESOLUTION LEVELS

### Level I (Informal Resolution):

The IGP process begins when an inmate files Form #584. The grievant must complete this form within 7 calendar days following the incident and forward to the IGC. The IGC shall forward the grievance to the inmates' housing unit supervisors within two days of their receipt. Housing unit supervisors shall investigate, document all findings on Form #175, attempt resolution and report results to the IGC within 3 calendar days of their receipt of the grievance. Resolution ends the IGP process; the IGC closes the file and monitors issues of compliance. Unresolved grievances are referred to Level II administration.

### Level II (RGC Recommendation/Warden's Decision):

The RGC will convene within 30 calendar days of IGC receipt of the grievance to examine the issue and documented investigative data from Form #175, hear testimony, and make a recommendation. The Grievant will be offered the opportunity to participate in the RGC hearing through examination of all information presented and discussion with all participants. The RGC shall ask any question it feels relevant to the issue. If the RGC determines that further investigation is required it may grant an additional five days, by majority RGC member vote and grievant consent, to complete its work. All RGC work is to be documented and forwarded to the IGC on Form #584 RGC Recommendation. The IGC forwards the RGC recommendation to the Warden/Warden's Designee. The Warden/Warden's Designee responds on Form #584 within 10 calendar days and forwards that response to the IGC for distribution. If the Warden/Warden's Designee and grievant concur with the RGC recommendation the grievance is deemed resolved; the IGC closes the file and monitors issues of compliance. If there is no concurrence, the case is referred to Level III administration.

### Level III (The Final Decision):

The BGO will review the grievance file upon receipt. Concurrence with the Warden/Warden's Designee decision and signature by the BGO and Bureau Chief of Prisons ends the IGP process; the IGC closes the file and monitors issues of compliance. At the BGO's discretion, mediation between grievant and the Warden/Warden's Designee may be attempted or Outside Review recommended. The BGO shall recommend Outside Review in only those instances where interpretation of law or expansion of policy are necessary. The Bureau Chief of Prisons may accept or reject the BGO's written

| STATE OF DELAWARE BUREAU OF PRISONS | PROCEDURE NUMBER: 4.4 | |
|---|---|---|
| SUBJECT:   INMATE GRIEVANCE PROCEDURE | | 6 |

recommendation.  Decisions by the Bureau Chief of Prisons a final and not open to grievant interpretation.  The Bureau ( of Prisons will return his final decision and the grievance to the IGC for closure and monitoring for issues of compliance

Emergency Grievance:

Issues that concern substantial risk of personal, physical or psychological inmate injury shall be addressed immediately by t Warden/Warden's Designee.  A copy of the grievance shall be se to the IGC upon receipt by the Warden/Warden's Designee.  And th Warden/Warden's Designee shall respond within one calendar day. Grievant appeals of the Warden/Warden's Designee decision will decided by the Bureau Chief of Prisons within one calendar day upon receipt of the emergency appeal.  NOTE: If the Warden/Warden's Designee should determine that the grievance doe not meet the emergency criteria, the grievance shall be returned to the inmate for processing through the normal IGP process steps.

Medical Grievance:

All medical grievances must be submitted to the Inmate Grievance Chairperson (IGC) at the respective institution on Form #585. If, by chance, an inmate sends a grievance directly to the medical services contractual staff, they are to forward it first to the IGC who will log it in the institution's grievance log and then return it to the medical services contractual staff for action.

The appropriate medical staff will review the grievance and denote actions taken on the Medical Log Form #586

The medical services contractual staff will attempt an informal resolution with the inmate, upon discussion over the treatment defined on the Medical Log Form.  If the Medical Grievance is resolved the inmate acknowledges this by his signature on Form #585 Informal Resolution.  This signed form is forwarded to the IGC who will close out the case.

Failure to resolve the grievance informally, results in a Medical Grievance Committee hearing which will not include any medical services contractual staff previously involved in the informal resolution process.  The IGC and the inmate must be present at this hearing.

Resolution closes the case; failure to resolve the case results in the inmate completing the MGC Appeal Statement section of Form #585.  Upon receipt, the IGC forwards the file to the Bureau

| STATE OF DELAWARE BUREAU OF PRISONS | PROCEDURE NUMBER: 4.4 | PAGE: |
|---|---|---|
| SUBJECT:   INMATE GRIEVANCE PROCEDURE | | 7   OF 7 |

Grievance Officer (BGO). The BGO recommends a course of action to the Bureau Chief of Prisons, who renders a final decision.

Universal Grievance:

Issues that concern the entire system and not just one inmate, a group of inmates, or one institution shall be presented by the BGO to the Bureau Chief of Prisons.

Institutional Transfer:

When possible, transfers shall be delayed for any inmate who has filed a grievance and been notified of an RGC hearing date until the hearing has concluded. If circumstance requires immediate transfer, the IGC at the institution where the grievant filed will proceed in the grievant's absence utilizing the normal IGP process steps through Level II. The Warden/Warden's Designee decision will be forwarded to the IGC at the grievant's new location for review. If the grievant appeals to Level III, the IGC at the grievant's new location shall forward the file to the IGC at the original location for BGO review. Grievances filed against the sending institution after an inmate's transfer, but inside the standard seven day window following an incident, shall be forwarded by the IGC at the new location to the IGC at the original location for processing.

Appeals:

Grievant appeals must be signed, dated and state the specific reasons on Form #584 Grievance Appeal. This form must be given to the IGC who is responsible for tracking the status of each grievance. The IGC will forward the appeal and grievance file to the BGO. Grievants shall have 3 calendar days upon receipt of their copy of the Warden/Warden's Designee decision to appeal, as well as, to include any additional information for review at the next level. NOTE: The Bureau Chief of Prisons decisions are final and not appealable.

Attachments

# EXHIBIT "D"

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

NOV 08 2000

William E. O'Neil,               )
                                 )
                Plaintiff,       )
        v.                       )
                                 )      C.A. No. 99-849-SLR
Rick Kearney, Jean Snyder,       )
Dr. Weiss, Karen Clark,          )
                                 )
                Defendants.      )

MEMORANDUM ORDER

I.    INTRODUCTION

     William E. O'Neil ("plaintiff") is a Delaware prison inmate
incarcerated at Sussex Correctional Institution ("SCI") in
Georgetown, Delaware.  The defendants are the prison warden and
three employees of Prison Health Services (collectively
"defendants").  Plaintiff filed this action under 42 U.S.C. §
1983, asserting that defendants violated his Eighth Amendment
right to be free from cruel and unusual punishment for the
defendants' failure to protect the plaintiff from an attack by
another inmate.  Plaintiff seeks compensatory and punitive
damages.  Procedurally, the court is faced with motions to
dismiss from defendants.

II.   FACTS

     The basis for plaintiff's complaint is the placement of a
violent inmate into his infirmary room on November 8, 1997.
Plaintiff was in the SCI infirmary, confined to a wheelchair, for

problems with his feet and legs. Plaintiff's complaint states
that at 4:00 P.M. another inmate, Michael Hall, was brought into
the room with plaintiff. Apparently, Hall had assaulted another
inmate and was transferred to the infirmary for observation.
Plaintiff alleges that Hall has had similar problems in the past
as a result of his failure to take medication. The complaint
maintains that defendant Karen Clark, a psychologist in the ward,
was aware of Hall's problems and directed Hall to be placed in
the room with plaintiff anyway. Plaintiff further maintains that
Dr. Weiss, the mental health supervisor, had been treating Hall
and ordered him to be observed prior to these assaults. At
approximately 3:00 A.M., plaintiff was awakened by kicking and
beating from Hall. As a result, plaintiff required ten stitches.

Plaintiff contends that defendants violated his Eighth
Amendment rights by acting with reckless disregard for his safety
when they placed a violent inmate in his room.

Defendants move to dismiss the complaint for plaintiff's
failure to exhaust administrative remedies as required by 42
U.S.C. § 1997e(a).[1]

---

[1] Defendants also argue that plaintiff has failed to allege
facts which would state a claim for a violation of the Eighth
Amendment and that plaintiff's claim is barred by the applicable
statute of limitations. However, because the case is being
dismissed for plaintiff's failure to exhaust administrative
remedies, no discussion of the merits of plaintiff's claim is
warranted.

2

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act (PLRA), 42 U.S.C. §

1997e(a), provides that

> [n]o action shall be brought with respect to
> prison conditions under section 1983 of this
> title, or any other Federal law, by a
> prisoner confined in any jail, prison, or
> other correctional facility until such
> administrative remedies as available are
> exhausted.

(amended by Pub.L. 104-134, Title I, § 101(a), 110 Stat. 1321-71

(1996)). 18 U.S.C. § 2636(g) defines "prison conditions" as

"...the effects of actions by government officials on the lives

of persons confined in prison...." Actions under this clause

relate to "the environment in which prisoners live, the physical

conditions of that environment, and the nature of the services

provided therein." Booth v. Churner, C.O., 206 F.3d 289, 291

(3rd. Cir. 2000).

Taking all allegations in plaintiff's complaint as true, the

defendants' actions fit under the purview of the statute. The

placement of a violent prisoner in plaintiff's room is certainly

an action that affected the environment in which he lived.

Because the action complained of is a "prison condition,"

plaintiff is required to exhaust administrative remedies, if any

exist, before filing a complaint in federal court.

In the complaint, plaintiff acknowledges that a prisoner

grievance procedure exists but did not file a grievance because

3

"grievance for prisoner and institution matters."[2]   (D.I. 2)   In

Booth, the court held that prisoners must exhaust administrative

remedies available to them prior to filing a § 1983 action,

whether or not the remedies provide the inmate-plaintiff with the

relief desired.   206 F.3d at 291 (citing Nyhuis v. Reno, 204 F.3d

65, 78 (3rd. Cir. 2000)).   By applying § 1997e(a) without

exception, the policies underlying the exhaustion requirements

are promoted, that is, the agency involved is given the

opportunity to discover and correct its own mistakes and also

conserve judicial resources.   Nyhuis, 204 F.3d at 75.

### V.    CONCLUSION

Therefore, at Wilmington this 6th day of November, 2000,

IT IS ORDERED that the motions to dismiss filed on behalf of

defendants Rick Kearney, Jean Snyder, Dr. Weiss, and Karen Clark

are granted.

_____
United States District Judge

---

[2] Presumably this statement evidences that plaintiff thought
the grievance process was only for prisoner and institution
matters.

4