In The United States District Court
District of Delaware

Leonard Baylis

v.                                    Case # 06-11-SLR

Stanley Taylor et al
Correctional Medical Systems et al



FILED
JUL 10 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Memorandum of Points and Authorities of Plaintiffs Stand Against Stanley Taylor et al And Chris Malaney et al - Their Motion to Dismiss

Plaintiff on 12 March 06 Filed in District Court, Delaware, An Amended Complaint in the Above matter Regarding 8th Amendment violations For lack of Dental treatment And lack of proper Mental health treatment Medication, And housing to protect Against Plaintiffs established Right to be protected From An environment where degeneration is probable And Self improvement unlikely.

On June 21st and June 26th State Attorney and Correctional Medical System's Attorney, Respectively, Argued Against Complaint.

Plaintiff's Answer and Argument is as Follows:

Appellant, on 17 November 05, arrived at Delaware Correctional Center (DCC) from Howard R. Young Correctional Center (HRYCI).

Prior to Appellant's transfer to D.C.C. and prior to his incarceration, Appellant was being treated for Adult ADD, Depression and Fugue/Seizure.

Upon arrival at D.C.C. Appellant requested, then grieved to receive proper mental health treatment, proper medication and proper housing that would not exacerbate Appellants condition. Several grievances, as well as letters were filed, see exhibit A - 1-24.

D.C.C. lacked the facility or the interest to confront, on an emergency basis, what was an emergency grievance and failed to do so in this case.

Personal Safety and Medical Care are core areas in any 8th Amendment claim. See Ramos v. Lamm, 639 F2d 559, 566.

Because main issue of complaint to D.C.C. staff fell on deaf ears, several problems and confrontations ensued. See exhibit A pg 1-24, which amounted to an unnessary level of pain and suffering, psychic distress which may have future ramifications.

Medication is an important factor to Appellants safety and wellbeing at present and in the future.

On 11 January 06 Dr. Cavoli, Psychiatrist, D.C.C. desisted Plaintiff's ADD medication: Ritalin, his reason being that this medication posed danger for seizure, See exhibit B-1. Dr Cavoli did not, at first, prescribe a Replacement medication; however, eventually, Dr. Cavoli prescribed Wellbutrin when, in fact the drug Wellbutrin poses more a risk for seizure than Methylphenidate (Ritalin) See exhibit B-3 at paragraph 3 and B-2 at paragraphs 2, 3.

4.

There are other safer medications that are more effective than Wellbutrin, one being Modafinil, See exhibit B-3 at paragraph 2 but is not considered because of price. Adderall is also another medication that is safer for Appellant but is not considered because it is listed as Schedule 1.

The medication I had been prescribed in the community and at HRYCI was administered after careful evaluation and consideration of alternative medications and how the other medications I take interact to best deal with the total of Appellants disorders. Appellant had stopped taking his medication in the community* and had came to learn the importance of his medication to his well being and being able to maintain his consistancy and his equalibrium in every day life.

As it is, with Appellant being prescribed Wellbutrin it is tollerable; and that's it: just tolerable. Appellant can only concentrate on a task for a short period of time. ~~Appellant~~

*At one time

suffers periodic bouts with confusion. Difficulty concentrating. It takes an inordinate amount of time to perform very basic tasks, and all of this aggravates the depression. Medically speaking when ADD is not properly treated it can pose future problems. And psychic distress in the present.

As can be observed in exhibits, Appellant made several complaints about his mental health condition, his psychic distress and eventual threats of assault and assault - something that could have easily been prevented but was ignored. Finally on 6-12-06 - see exhibit A, pg. 25, Appellant was transferred to the special needs area.

Appellant does concede that the present environment in the Special needs area is much more conducive to Appellants mental and physical health, there is, because of staff shortage a lack of real mental health therapy and trained correctional officers to oversee the special needs unit.

Appellant charges that he is not given

proper medication suitable for the total of his condition, but is just going through the motions. See Williams v Vincent 508 F.2d 541

Appellant charges that there was unnecessary delay in his finally being moved to Special Needs Area, causing Appellant harm. See Jones v Morris Supra at 1280 n.5; Whitley v Albee 106 S.Ct at 1084

Appellant asserts that because Appellant had, in fact, been eventually moved to the Special Needs Area, that this is an admission by State and CMS - Stanley Taylor and Chris Malaney et al - to Appellant's claims. See Hewitt v Helms 107 S.Ct. 2672, 2676.

Defendants assert that Appellant has not exhausted his in-house remedies before filing this complaint. Appellant offers exhibits that he has exhausted in-house remedies see Exhibits 1-24. Please note the letters to Stanley Taylor and Chris Malaney Exhibit A 1-5 and the grievances that were withdrawn

Per order of D.C.C. official, see exhibit A— 11, 14, 15, 16, 17, as matter was in litigation. Other grievances were left unanswered. See exhibit A.

Defendants assert that appellant did not perform proper service. Appellant did, in fact perform service by placing in the mail on 10 April 06 the Sheriffs' forms, supplied by the law library, to the parties in this case and the court.

Defendants Stanley Taylor and Chris Malaney contend that they, in their supervisory and or official capacity, are immune to complaint.

Appellant asserts that Eleventh Amendment does not bar suits against state officials allegedly acting in violation of Constitution. U.S.C.A Const. Amend 11. And that prison officials have shown deliberate indifference to inmate/ Appellant's medical, dental (see exhibit A pgs 8, 12, 13) and psychiatric care needs, in violation of Eighth Amendment, where due to understaffing, officials fail to provide adequate staffing and equipment, and fail to maintain environment ...

U.S.C.A. Const. Amend. 8

Appellant Requests that this case be considered Against Stanley Taylor and Chris Milaney in their individual capacity, as well as their Administrative capacity. Citing the Complaint May be Amended at any time to conform to the evidence, see Regents of The university of Mich. V Ewing 474 US 215, 106 S.Ct. 509, 511

① Defendants did not mention in their Arguments Appellants Complaint about Dental work and Against Dental Nurse or Supervisor Georgiana Meekens.

Appellant has Requested Dental work — Appellant has no teeth — Since 16 September 05 see A,pg8 Appellant has grieved this issue, with no Results, see exhibit A pg 12, 13. Appellant has stomach problems because he cannot chew his food correctly. Georgiana Meekens, knowing this has Refused Appellant Dental Treatment, stating that Correctional Medical Systems "did not have the personnel or the funds" to provide Appellant with Dental work at this time; that Appellant may have to "wait a year or so."

Appellant asserts that lack of staff or funds is no excuse for refusing medical treatment. See Jones v. Johnson 781 F2d 769, 771; Harris v. Thigpen 941 F2d 1495, 1509

Plaintiff asserts that Defendants Stanley Taylor and Chris Malaney and peripheral staff have allowed and have caused to be in operation a medical system that is unprepared, to the point of negligence, to serve the needs of the inmate population, and this has filtered down to appellant and caused 8th amendment violations by denying appellant proper medical treatment, proper dental treatment, and more than per se mental health treatment. Furthermore Appellant, for the same aforementioned reason had been subject to unnecessary abuses and psychic distress — which may carry into the future — for Stanley Taylor and Chris Malaney being negligent in permitting to operate an understaffed, underequipped and underfunded Medical Dept.

Plaintiff asks to be allowed to obtain records for future litigation.

Appellant asserts that this claim should not be dismissed for the aforementioned reasons and "unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim which would entitle Appellant relief" Conley v Gibson, 355 U.S. 41, 45-46, 78 S.ct. 99. "Moreover Complaints such as this must be liberally construed. Haines v Kerner, 404 U.S 519, 92 S.ct. 594.

Plaintiff asserts that injunctive relief should be granted regarding Appellants Dental needs and that Appellant be granted a more proper medicine, in line with current medical knowledge, for his mental disorder. Plaintiff requests that no further abuses be allowed to occur because of his mental illness. And, finally, Appellant petitions the Court to rule in Appellant's favor, regarding injunctive relief because Defendants, by solving part of this complaint there is an admission to it. Hewitt v Helms 107. S.ct. 2672, 2676.

Appellant Requests that, because these issues have been Solved in part, they be Solved in Full and that costs of this Complaint Be Payed by Defendants.

Respectfully Submitted

Seal By
Leonard Baylis
~~Delaware~~ Correctional Cote

Date 9 July 06

# CERTIFICATE OF SERVICE

I, _Leonard R Baylis_, hereby certify that I have served a true and correct copy of the attached motion upon the following party, on the _7th_ day of _July_, _06_.

**************************************************

_Plaintiff's Answer to Defendant's Motion to dismiss_

✶✶ Circle the Department of Justice you are serving ✶✶

Re: _Federal District Court, Delaware_
_06-11-SLR_

_Eileen Kelley_
Deputy Attorney General
Department of Justice
820 North French Street
Wilmington, DE 19801

Deputy Attorney General
Department of Justice
102 West Water Street
Dover, DE 19901

Deputy Attorney General
Department of Justice
114 East Market Street
Georgetown, DE 19947

_Kevin J Conners_
_Lorenza A Wolhar_
_Attorneys at Law_
_1220 N. Market St._
_Wilmington, Delaware_
_19899_

_7 July 06_
Date Signed

_Leonard R Baylis_
Signature of Movant (Notarization not required)



IM Leonard Baylis
SBI# 100231 UNIT 23-D-L-3
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Office of the Clerk
United States District Court
District of Delaware
844 N. King St. Lockbox 18
Wilmington Delaware
19801-3570

Legal