IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **LEONARD K. BAYLIS**<br><br>**Plaintiff**<br><br>v.<br><br>**STANLEY TAYLOR, et al**<br><br>**Defendant(s)** | **Civ. No: 06-11-SLR**<br><br>**JURY OF 12 DEMANDED** |

**REPLY MOTION OF DEFENDANTS, CHRISTINE MALANEY, DR. ANTHONY CANNULI, AND CHARLES BENTON, IN RESPONSE TO PLAINTIFF'S ANSWER BRIEF AND SUPPORT OF THEIR MOTION TO DISMISS[1]**

1. As to Chris Malaney, plaintiff-prisoner persists in the conclusory allegations of Ms. Malaney failing to provide adequate staffing and equipment.[2] The prisoner continues in his failure to set forth any specific allegations of her personal involvement in violating his civil rights. Conclusory allegations are not sufficient to support a claim pursuant to 42 U.S.C. § 1983. Moreover, the only inference from the "facts" alleged by plaintiff are that he is dissatisfied with the type of medications prescribed and quality of therapy being received, rather than a absence thereof.[3] The Complaint against Chris Malaney should be dismissed.

2. The prisoner asserts that because he had been moved to the Special Needs Unit (SNU), this is an admission by CMS…to [plaintiff's] claims." D.I. 55 at 6. According to the prisoner, such a proposition is supported by *Hewitt v. Helms*.[4] First of all, CMS is not a defendant in this matter. Furthermore, the *Multi-disciplinary team* approved the transfer to the SNU. D.I. 44. There is no allegation that Chris Malaney, Charles Benton or Dr. Cannuli were even members of the

---

[1] The Defendants waive their right to file a Reply Brief and submit this Motion in lieu thereof pursuant to Local Rule 7.1.2.

[2] The First Amended Complaint, D.I. 25, nor the Answer Brief, D.I. 55, identify the equipment to which the inmate is referring.

[3] The "dental claims" against Georgiana Meekins are not addressed since, upon information and belief, no service has been perfected upon Meekins  However, to the extent that these dental claims are intended to apply to Ms. Malaney, again, in her supervisory position, these claims too must fail, for the same reasons set forth previously in regards to "medical" and "mental health" treatment.

[4] 482 U.S. 755 (1987).

Multi-disciplinary team, that appears to make the decision to transfer prisoners to the SNU. D.I. 25 and 55.

3.   Additionally, *Hewitt* is not on point, taken out of context and not applicable to the case at bar. In *Hewitt*, the issue was entitlement to a fee award pursuant to 42 U.S.C. § 1988. In the context of a fee award, when a lawsuit results in "voluntary action by the defendant that affords the plaintiff all or some of the relief he sought through a judgment" occurs, the plaintiff is "deemed to have prevailed despite the absence of a formal judgment in his favor."[5] Therefore, when the Court is considering the award of fees, it will consider whether a litigant "prevailed".

4.   When different medications are prescribed, and new therapies begun by a health care provider, this can hardly be said to be a vindication of the prisoner's claims of "deliberate indifference to a serious medical need." In stark contrast, medical care and treatment is on a continuum, adapting and changing to a patient's needs and in response to clinical presentation and weighing the risks and benefits of treatment modalities. These matters are within the sound discretion and medical judgment exercised by a physician, like Dr. Cannuli. The only inference that can be made from the prescription of a "second line" medication[6] (Wellbutrin) by Dr. Cannuli, is that based upon the prisoner's history and clinical presentation at the time of the visit, such a medication was indicated. Apparently, however, this medication is not as safe[7] and less effective than other medication. D.I. 55 at 4. Such "factual" allegations cannot and should not be the basis for a claim of "deliberate indifference to a serious medical need." As *Estelle* explains a "*mere difference of opinion between the prison's medical staff and the inmate as to the diagnosis or*

---

[5] *Hewitt*, 482 U.S. 755, 761 (1987)
[6] Terminology used by the prisoner in his First Amended Complaint, D.I 25.
[7] The prisoner asserts that the reason that Ritalin was not prescribed by Dr. Cannuli was that Ritalin "posed a danger of seizures." D.I. 55 at 3. In fact, Dr. Cannuli's *medical judgment* to omit Ritalin from the prisoner's medication regimen was based upon a multitude of factors. *See* Affidavit of Dr. Cannuli D.I. 17 at Exhibit "H".

*treatment which the inmate receives does not support a claim of cruel and unusual punishment.*"[8] The Complaint against Charles Benton and Dr. Cannuli must be dismissed.

5. The prisoner asserts that the delay in transferring him to the SNU caused him "harm". D.I. 55 at 6. First, the assertion that there was a "delay" in transferring the prisoner is a conclusion unsubstantiated by any facts. Just because the transfer to the SNU, approved by the Multi-disciplinary team, D.I. 44, occurred at time later than what the prisoner preferred, does not constitute a "delay". Moreover, Plaintiff alleges no factual support for these conclusions, nor any connection between a "delay" and the actions of Chris Malaney, Dr. Cannuli and Mr. Benton. The prisoner fails to describe the "harm" he suffered as a result of the "delay". The Complaint against Charles Benton and Dr. Cannuli must be dismissed.

6. In his first Amended Complaint, plaintiff claims to have exhausted his available administrative remedies, while at the same time stating that he received "no actual response or solution within [a] reasonable time." D.I. 25 at § II C.

7. 42 U.S.C. §1997e (a) should be applied without exception to promote the policy behind the exhaustion requirement, which is to allow the Department of Corrections an opportunity to discover and correct mistakes and conserve judicial resources.[9] At the time this action was filed, several procedural steps remained under the Department of Corrections Inmate Grievance Procedure that were not completed, thereby obviating any opportunity to discover and correct any alleged mistakes and wasting judicial resources. *As exemplified by these proceedings where plaintiff's complaints have already been addressed and, presumably resolved,* D.I. 44, the need to exhaust administrative remedies is a necessary requirement to avoid wasting costly judicial

---

[8] *Ramos v. Lamm,* 639 F.2d 559, 575 (10th Cir. 1980); *Fitzgerald v. Septer*, 1998 U.S. Dist. LEXIS 23397, C.A. No. 97-663-JJF at 2 (D.Del. July 27, 1998) (holding that claim alleging mere dissatisfaction with medical **care** administered to prisoner is insufficient to support cognizable claim under 1983) (Attached as Exhibit "A" of D.I. 17); *Johnstone v. United States*, 980 F.Supp. 148, 153 (E.D. Pa. 1997).
[9] *O'Neil v. Kearney, et al.*, C.A. No. 99-849-SLR, Memorandum Order (Robinson, J. November 6, 2000) (*citing Nyhuis v. Reno*, 204 F.3d 65, 75 (3d Cir. 2000)). Attached to D.I 17 as Exhibit "D".

resources. Therefore, plaintiff's Complaint against Anthony Cannuli, M.D., Chris Malaney, and Charles Benton, must be dismissed as he has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act of 1996.

7. Based upon the foregoing, all claims against Defendants, Chris Malaney, Dr. Anthony Cannuli and Charles Benton, should be dismissed pursuant to Federal Rule of Civil Procedure 12 (b)(6) for failure to state any claim upon which relief can be granted. Accordingly, Defendants, Chris Malaney, Dr. Anthony Cannuli and Charles Benton respectfully request that the Motion to Dismiss be granted, with prejudice.

WHEREFORE, Defendants, Chris Malaney, Dr. Anthony Cannuli and Charles Benton, move this Honorable Court to dismiss, with prejudice, all claims against them pursuant to Fed. R. Civ. P. 12(b)(6).

        MARSHALL, DENNEHEY, WARNER,
        COLEMAN AND GOGGIN

BY:  /s/Kevin J. Connors
      KEVIN J. CONNORS, ESQUIRE,(DE ID # 2135)
      LORENZA A. WOLHAR, (DE ID # 3971)
      1220 N. Market Street, 5th Floor
      P.O. Box 130
      Wilmington, DE 19899-0130
      (302) 552-4302
      Attorneys for Defendants, Christine Malaney, Dr. Anthony Cannuli, M.D. and Charles Benton

DATED: July 12, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **LEONARD K. BAYLIS** : | |
| : | |
| **Plaintiff** : | |
| : | **Civ. No: 06-11-SLR** |
| v. : | |
| : | **JURY OF 12 DEMANDED** |
| **STANLEY TAYLOR, et al** : | |
| : | |
| **Defendant(s)** : | |

## CERTIFICATE OF SERVICE

      I hereby certify that on July 12, 2006, I electronically filed the Reply Motion of Defendants, Christine Malaney, Dr. Anthony Cannuli and Charles Benton, in Response to Plaintiff's Answer Brief and Support of Their Motion to Dismiss, with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

Eileen Kelly, Esquire
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801

      I hereby certify that on July 12, 2006, I have mailed by United States Postal Service, the Reply Motion of Defendants, Christine Malaney, Dr. Anthony Cannuli and Charles Benton, in Response to Plaintiff's Answer Brief and Support of Their Motion to Dismiss, to the following non-registered participant:

Leonard K. Baylis
SBI00100231
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

                      MARSHALL, DENNEHEY, WARNER,
                      COLEMAN AND GOGGIN

              BY:   /s/Kevin J. Connors
                      KEVIN J. CONNORS, ESQUIRE,(DE ID # 2135)
                      LORENZA A. WOLHAR, (DE ID # 3971)
                      1220 N. Market Street, 5th Floor
                      P.O. Box 130
                      Wilmington, DE 19899-0130
                      (302) 552-4302
                      Attorneys for Defendants, Christine Malaney, Dr.
                      Anthony Cannuli, M.D. and Charles Benton