IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEONARD K. BAYLIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-11-SLR |
| | ) |
| STANLEY TAYLOR, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

On May 8, 2006, plaintiff Leonard K. Baylis, a prisoner incarcerated at the Delaware Correctional Center ("DCC"), Smyrna, Delaware, filed a document seeking injunctive relief advising the court that his life has been threatened by his cellmate, that the staff was doing nothing to protect him, and seeking a transfer to mental health so that he "may be allowed to function without threat." (D.I. 34) At the time, plaintiff was housed in the medium high security area of DCC. The court ordered defendants to respond to the motion and also allowed for a reply by plaintiff. (D.I. 43)

Defendants' response indicates that on June 6, 2006, upon his request, plaintiff was moved to protective custody. (D.I. 44, 45) Plaintiff next requested a transfer from protective custody to the Mental Health Unit at DCC. (D.I. 44) The Multi-Disciplinary Team reviewed and approved the request, and plaintiff was transferred to the Mental Health Unit on June 12, 2006. Id. Defendants argue that in light of the foregoing,

plaintiff's request for injunctive relief is moot.

Plaintiff concedes that he is now housed in the Mental Health Unit and that the portion of his motion for injunctive relief seeking a transfer is moot. (D.I. 50) He argues, however, that "other issues brought before the court in motion for injunctive relief have not been answered." Id. Plaintiff argues that injunctive relief is required because he is not being administered the appropriate medication for his medical condition. In support of his position plaintiff refers to "motion for injunctive relief, at page VII - see exhibit A." (D.I. 50 at 2)

Initially, the court notes that plaintiff's motion for injunctive relief found at D.I. 34 contains no reference to the administration of medication. Rather, he raised the issue of inadequate medical treatment in his response to the defendants' opposition to the motion to amend. (D.I. 41) Of greater import, however, is that plaintiff previously sought, and was denied, injunctive relief regarding the issue of his medical treatment at DCC, including the administration of appropriate medication and mental health therapy. (D.I. 3, 21) In denying the motion for injunctive relief, this court thoroughly reviewed medical records and reports, which indicated that plaintiff was receiving medical attention, albeit apparently not to his liking.

"The relevant inquiry is whether the movant is in danger of

2

suffering irreparable harm at the time the preliminary injunction is to be issued." SI Handling Sys., Inc. v. Heisley, 753 F.2d 1244, 1264 (3d Cir. 1985). Here, because plaintiff is no longer housed in the medium high security unit, it is impossible for him to suffer irreparable there and, indeed, plaintiff concedes the issue. Moreover, prison officials honored his request for a transfer to the Mental Health Unit. Finally, in his most recent motion for injunctive relief, plaintiff did not raise the issue of his medical treatment at DCC. Even if he had, this court has previously determined that, as to the issue of his medical treatment at DCC, plaintiff neither demonstrated irreparable harm nor demonstrated the likelihood of success on the merits, making injunctive relief inappropriate. (D.I. 21)

NOW THEREFORE, IT IS HEREBY ORDERED this 26th day of July, 2006, based upon the foregoing analysis, the motion for injunctive relief (D.I. 34) is **DENIED**.

UNITED STATES DISTRICT JUDGE