IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **LEONARD K. BAYLIS**<br><br>**Plaintiff**<br><br>v.<br><br>**STANLEY TAYLOR, et al**<br><br>**Defendant(s)** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civ. No: 06-11-SLR<br><br>JURY OF 12 DEMANDED |

**MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANT, GEORGIANA MEEKENS (MORE PROPERLY KNOWN AS GEORGIANNA MICKENS), IN SUPPORT OF HER MOTION TO DISMISS**

Defendant, Georgiana Meekens (more properly known as Georgianna Mickens), through her undersigned counsel, hereby respectfully moves this Honorable Court to enter the attached Order, dismissing plaintiff's Amended Complaint with prejudice and, in support thereof, aver as follows:

**A.     Statement of Facts and Procedural Posture**

CMS is a private corporation that has provided medical care for inmates. At all relevant times hereto, Ms. Mickens was a *dental assistant* employed by CMS.

Plaintiff, Leonard K. Baylis, was incarcerated in the Delaware Correction Center when he filed a Complaint in this matter on January 5, 2006, pursuant to 42 U.S.C. § 1983. D.I. 2. Among others, Chris Malaney, the Health Care Administrator, was named as a defendant. D.I. 2. In his initial complaint, plaintiff alleged he was not receiving the proper medical care and treatment for mental health problems he alleged. D.I. 1. In a Memorandum Order, D.I. 2, this Court ordered that Chris Malaney and the Attorney General for the State of Delaware to respond to plaintiff's Motion for Injunctive Relief on the issues of non-administration of medication and mental health treatment. After a thorough review of the medical records and reports submitted

by Ms. Malaney in opposition to the plaintiff's Motion, including an affidavit by Dr. Anthony Cannuli, D.I. 3, plaintiff's Motion was denied. D.I. 6. On or about February 27, 2006, plaintiff's Complaint was dismissed without prejudice for failure to state a claim upon which relief may be granted, with leave to amend. D.I. 23.

On or about March 16, 2006, plaintiff filed a first Amended Complaint naming, among others, Chris Malaney, Dr. Anthony Cannuli, Bruce Doe and Jane Doe. D.I. 25. By letter dated April 5, 2006, the plaintiff identified "Bruce Doe" as Charles Benton and "Jane Doe" as Georgianna Mickens. D.I. 25. It is alleged that Ms. Mickens is a "dental nurse/supervisor". D.I. 25.

In his first Amended Complaint, plaintiff has, again, asserted a claim against Chris Malaney in her role as a supervisor, alleging she is responsible for operating a medical department that is understaffed, unorganized and unprepared to meet the needs of the prison population. D.I. 25. Plaintiff further alleged Dr. Cannuli fails to treat his mental illness, Attention Deficit Disorder ("ADD"). D.I. 25. Specifically, plaintiff named Dr. Cannuli "[f]or his not prescribing either 1st line or 2nd line (alternative) medication for [plaintiff's] ADD disorder [sic]. And for [Dr. Cannuli] rescinding [plaintiff's] regular ADD medication." D.I. 25. Plaintiff alleged without such medication, his ADD has caused him frustration, anxiety, anger and confusion to the extent he cannot control his actions and poses a threat to himself and others. D.I. 25. In addition, plaintiff has asserted that Mr. Benton "has repeatedly advised he will have [plaintiff] considered for a special needs unit and having me revisit the psychiatrist for a 2nd line medication and therapy for ADD. Bruce has promised for these things to take place has [sic]

come and gone, without any action at all; and, so far my 'therapy' has consisted of Bruce advising me to 'drink alot [sic] of coffee." D.I. 25.[1]

Finally, Plaintiff's Complaint under 42 U.S.C. § 1983 names Georgianna Mickens as another defendant, alleging that on November 29, 2005, while the dentist was preparing to do dental work on [inmate] Ms. Mickens "refused to let the work go forward, saying 'you might have to wait another year for dental work.'". D.I. 25. This alleged statement is the sole basis for the prisoner's claim of a constitutional violation against Ms. Mickens.

### B. Standard of Review

A claim may be dismissed because it fails to allege sufficient facts to support a cognizable legal claim.[2] The Complaint "must provide the defendants with fair notice of what plaintiff's claim is and the grounds upon which it rests."[3] Moreover, even a *pro se* litigant must plead sufficient facts to sustain a legal claim.[4] A motion to dismiss for failure to state a claim upon which relief can be granted should be awarded in the event that it is "beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[5]

### C. Legal Arguments

#### 1. Plaintiff's Complaint against Georgianna Mickens must be dismissed pursuant to Fed. Ct. Civ. R. 12(b)(6).

Within the context of an alleged failure to provide adequate medical treatment to a prisoner, an act of a prison official[6] becomes such a constitutional violation only when it results

---

[1] Defendants, Chris Malaney, Dr. Cannuli and Charles Benton, collectively, have filed a dispositive motion.
[2] Fed. R. Civ. P. 12(b)(6).
[3] *United States v. City of Philadelphia*, 644 F.2d 187, 204 (3d Cir. 1980) (*citing Conley v. Gibson*, 355 U.S. 41, 47 (1957)).
[4] *See Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).
[5] *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).
[6] These principles likewise apply to private corporations providing medical services. *Id*. at 1132, *citing Guyer v. Correctional Medical Systems, Inc*., C. A. No. 86-361-JLL, Magistrate's Report and Recommendation, slip. op. at 3 (D. Del. Apr. 16, 1990)(adopted by final order May 14, 1990).

from the "deliberate indifference to a prisoner's serious illness or injury."[7] Thus, *Estelle* requires plaintiff to satisfy a two-prong test in order to impose liability under § 1983: i) deliberate indifference on the part of prison officials; and ii) the prisoner's medical needs must be serious.[8] Furthermore, "'*where the plaintiff has received some care, inadequacy or impropriety of the care that was given will not support an Eighth Amendment claim.*'"[9] A mere difference of opinion concerning the treatment received by an inmate is not actionable under the Eight Amendment and § 1983.[10]

The "deliberate indifference" prong from *Estelle* is satisfied when the plaintiff alleges that the defendant acted to deny an inmate's reasonable request for medical treatment subjecting the prisoner to undue suffering or if medical treatment is delayed for non-medical reasons.[11] The acts complained of must be accompanied by a "reckless disregard" of or "actual intent" to disregard a serious medical condition.[12] Thus defendant's conduct does not constitute a "deliberate indifference" unless it is alleged to occur in conjunction with the requisite mental state. A prisoner's medical need is sufficiently serious if diagnosed by a physician as requiring treatment or so obvious that a lay person would easily recognize the necessity of a physician's attention.[13]

In order to be liable in a civil rights action, a defendant must have personal involvement in the alleged wrongs.[14] These allegations, however, must be made with appropriate

---

[7] *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).
[8] *Id.*
[9] *Norris v. Frame*, 585 F.2d 1183, 1186 (3d Cir. 1978). *See also Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3rd Cir. 1979) ("Courts will 'disavow any attempts to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment.'")(citations omitted)(emphasis supplied).
[10] *Id.*
[11] *Monmouth County Correctional Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346-47 (3d Cir. 1987).
[12] *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985).
[13] *Pace v. Fauver*, 479 F. Supp. 456, 458 (D.N.J. 1979), *aff'd*, 649 F.2d 860 (3d Cir. 1981).
[14] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3rd Cir. 1988)(citations omitted).

particularity.[15]  A claim may be dismissed because it fails to allege sufficient facts to support a cognizable legal claim.[16]  Furthermore, the Complaint "must provide the defendants with fair notice of what plaintiff's claim is and the grounds upon which it rests."[17]  Moreover, even a *pro se* litigant must plead sufficient facts to sustain a legal claim.[18]  There is no "serious medical need" identified by the plaintiff.  Plaintiff fails to even identify the type of "dental work" that Ms. Mickens allegedly "refused to let …go forward".  D. I. 25[19].  Plaintiff fails to state a claim against Ms. Mickens.

Furthermore, plaintiff fails to make any factual assertions which could be construed as a "reckless disregard" of or "actual intent" to disregard his medical needs by Ms. Mickens.  Defendant, Georgianna Mickins, is a dental assistant, and solely assists the physician-dentists during oral examinations and procedures.  Ms. Mickens is not a "dental supervisor" and, of course, has no authority to determine the type of "dental work" needed by an inmate, nor does she make a determination as to when evaluations and/or procedures are completed.  Ms Mickens has no supervisory authority over the physicians in the dental department at DCC.  Thus, Ms. Mickens can have no "personal involvement" in the alleged wrongs asserted by plaintiff.  The claims against Ms. Mickens should be dismissed.

Moreover, it is clear from plaintiff's Complaint that he is being seen by the dentist/dental department at DCC.  Plaintiff states that "while the dentist was preparing to dental work…."  Therefore, he is being seen by a dentist, thus receiving dental care and treatment, and the

---

[15] *Id.*

[16] Federal Rule of Civil Procedure 12(b)(6).

[17] *United States v. City of Philadelphia*, 644 F.2d 187, 204 (3d Cir. 1980), *citing Conley v. Gibson*, 355 U.S. 41, 47 (1957).

[18] *See Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).

[19] Since the prisoner states in his amended Complaint, in relation to his "dental work" claims, "I have no teeth", he could be referring to a need for dentures or work on his dentures.  In plaintiff's Memorandum of Points and Authorities in opposition to Motion to Dismiss of Chris Malaney, Dr. Cannuli and Charles Benton, D.I. 55, the prisoner references his "dental work" claims and refers to Exhibit "A" of D.I. 55, at pages 12 and 13.  There is no mention of Ms. Mickens, or her alleged statement, in these exhibits.

*"inadequacy or impropriety of the* [dental] *care that was given will not support an Eighth Amendment claim"*.

A motion to dismiss for failure to state a claim upon which relief can be granted should be granted in the event that it is "beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[20] On the facts presented by the plaintiff in his Amended Complaint, plaintiff's claims against Georgianna Mickens should be dismissed pursuant to Federal Rule of Civil Procedure 12 (b)(6) for failure to state any claim upon which relief can be granted.

> **2.    Plaintiff's Complaint against Georgianna Mickens must be dismissed pursuant to Fed. Ct. Civ. R.12 (b) (6) because the plaintiff has failed to exhaust his administrative remedies.**

The Prison Litigation Reform Act of 1996 mandates a prisoner exhaust his administrative remedies prior to bringing an action pursuant to Section 1983.[21] 42 U.S.C. §1997e (a) provides:

> No action shall be brought with respect to prison conditions under Section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available to him are exhausted.

"Prison conditions" have been defined to include the environment in which the prisoners live, the physical conditions of that environment and the nature of the services provided therein.[22]

The Delaware Department of Corrections has established administrative procedures that an inmate must follow to file a medical grievance.[23] An inmate must file a grievance with the Inmate Grievance Chairperson (IGC) who then forwards it to the medical staff for review. If

---

[20] *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957).
[21] *Nyhuis v. Reno*, 204 F.3d 65, 67 (3d Cir. 2000); *see also Booth v. Churner,* 206 F.3d 289, 294-95 (3d Cir. 2000) *cert. granted,* No. 99-1964, 531 U.S. 956 (Oct. 30, 2000) (§1997e (a) is applicable to all inmate claims except those challenging the fact or duration of confinement).
[22] *Booth,* 206 F.3d at 291.
[23] *See* Inmate Procedure Grievance attached hereto as Exhibit "A".

action needs to be taken, the medical staff is required to attempt an informal resolution of the grievance with the inmate. If the grievance cannot be resolved informally, the grievance is forwarded to the Medical Grievance Committee to conduct a hearing. If the medical grievance hearing decision does not satisfy the inmate, the inmate may complete a Medical Grievance Committee Appeal Statement which is then submitted to the Bureau Grievance Officer.[24] The Bureau Grievance Officer will recommend a course of action to the Bureau Chief of Prisons, who renders the final decision.

Plaintiff complains of prison conditions which under 42 U.S.C. §1997e (a) requires him to exhaust the administrative remedies available to him. While plaintiff claims to have made/filed/sent letters, grievances and verbal requests, plaintiff never exhausted his administrative remedies made available by the Delaware Department of Corrections as evidenced by his own admission in his first Amended Complaint. In his first Amended Complaint, plaintiff claims to have exhausted his available administrative remedies, while at the same time stating that he received "no actual response or solution within [a] reasonable time." D.I. 25 at § II C.

42 U.S.C. §1997e (a) should be applied without exception to promote the policy behind the exhaustion requirement, which is to allow the Department of Corrections an opportunity to discover and correct mistakes and conserve judicial resources.[25] At the time this action was filed, several procedural steps remained under the Department of Corrections Inmate Grievance Procedure that were not completed, thereby obviating any opportunity to discover and correct any alleged mistakes and wasting judicial resources. As exemplified by these proceedings where plaintiff's complaints have already been addressed and, presumably resolved, D.I. 44, the need to

---

[24] *See* Exhibit "A", at 7.
[25] *O'Neil v. Kearney, et al.*, C.A. No. 99-849-SLR, Memorandum Order (Robinson, J. November 6, 2000) (*citing Nyhuis v. Reno*, 204 F.3d 65, 75 (3d Cir. 2000)). Attached hereto as Exhibit "B".

exhaust administrative remedies is a necessary requirement to avoid wasting costly judicial resources. Therefore, plaintiff's Amended Complaint against Georgianna Mickens, must be dismissed as plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act of 1996.

### D.      Conclusion

Based upon the foregoing, all claims against Defendant, Georgianna Mickens, should be dismissed pursuant to Federal Rule of Civil Procedure 12 (b)(6) for failure to state any claim upon which relief can be granted. Accordingly, Defendant, Georgianna Mickens respectfully requests that the Motion to Dismiss filed contemporaneously herewith be granted, with prejudice.

                        MARSHALL, DENNEHEY, WARNER,
                        COLEMAN AND GOGGIN

BY:   /s/Kevin J. Connors
        KEVIN J. CONNORS, ESQUIRE,(DE ID # 2135)
        LORENZA A. WOLHAR, (DE ID # 3971)
        1220 N. Market Street, 5th Floor
        P.O. Box 130
        Wilmington, DE  19899-0130
        (302) 552-4302
        Attorneys for Defendants, Christine Malaney
        Dr. Anthony Cannuli, M.D., Charles Benton and
        Georgianna Mickens

Dated: August 15, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEONARD K. BAYLIS<br><br>Plaintiff<br><br>v.<br><br>STANLEY TAYLOR, et al<br><br>Defendant(s) | Civ. No: 06-11-SLR<br><br>JURY OF 12 DEMANDED |

## CERTIFICATE OF SERVICE

    I hereby certify that on August 15, 2006, I electronically filed the Memorandum of Points and Authorities of Defendant, Georgiana Meekens (more properly known as Georgianna Mickens), In Support of her Motion to Dismiss with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

Eileen Kelly, Esquire
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE  19801

    I hereby certify that on August 15, 2006, I have mailed by United States Postal Service, the Memorandum of Points and Authorities of Defendant, Georgiana Meekens (more properly known as Georgianna Mickens), In Support of her Motion to Dismiss to the following non-registered participant:

Leonard K. Baylis
SBI00100231
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE  19977

                                          MARSHALL, DENNEHEY, WARNER,
                                          COLEMAN AND GOGGIN

        BY:    /s/Kevin J. Connors
                    KEVIN J. CONNORS, ESQUIRE,(DE ID # 2135)
                    LORENZA A. WOLHAR, (DE ID # 3971)
                    1220 N. Market Street, 5th Floor
                    P.O. Box 130
                    Wilmington, DE  19899-0130
                    (302) 552-4302
                    Attorneys for Defendants, Christine Malaney,
                    Anthony Cannuli, M.D.,Charles Benton and
                    Georgianna Mickens