In The United States District Court
District of Delaware

Leonard Baylis

v.

Stanley Taylor et al

Case # 06-11-SLR



PO Scanned

Answer to Defendant Georgianna Meekens (more properly known as Georgianna Mickens) 15 August 06 Motion to Dismiss.

Comes now Leonard K Baylis, Plaintiff in the above, answering, as follows, to Defendant Georgianna Micken's Motion to Dismiss.

Plaintiff asserts that Defendant's seek to trivialize their failure to provide dental treatment by insinuating that the issue re Dental treatment had not not been


II

previously or correctly brought before the Court, and that Plaintiff did not go through the proper channels to Remedy this issue with The Department of Corrections.

Plaintiff offers evidence to the contrary: Please see PPg. V and IX of 12 March 06 Ammended Complaint, (exhibit A-1, 2)

And see PPg. 8 and 9 of 7 July 06 Answer to Defendant's Motion to Dismiss (exhibit B-1, 2) and exhibits C-1, C-2 and C-3.

Here it can bee seen the plaintiff has diligently pursued this matter with The Dept. of Corrections and with the Medical Dept, and there has been no Reasonable Response.

Plaintiff has no teeth, and is suffering stomach problems because of this. See exhibits D-1, D-2, D-3, D-4.

The Dept of Corrections, The Medical Dept and Georgianna Mickens have ignored the possibility of pain and suffering and the likelihood of damages if proper dental

<sectionHeader|||III>

treatment is not administered.

One formula for negligence can be found in the following: Negligence is: $B < PL$ when $B =$ The burden of taking precautions to avert damages by (in this case) providing proper dental treatment.

And when $L =$ The possible magnitude of the loss/damages (in this case to mouth, stomach, digestive system, etc) if treatment is not administered.

And when $P =$ The probability that — if proper precautions are not taken — there will indeed be some kind of loss.

The higher the factor of P and L and the lower B is, the likelier is a finding of negligence. See Johnson v. A/S Ivarans Rederi supra 613 F2d at 348 — United States v. Carroll Towing Co. 159 F2d 169, 173.

IV

This Plaintiff is limited in movement and ability to gather information and records. Incorrect spelling of names, etc. are inevitable.

Plaintiff prays serious review by the court of the enclosed information and exhibits. Plaintiff asserts there is more than a reasonable possibility that this complaint against Correctional Medical Systems and Stanley Taylor et al, and specifically, (in immediate matter) Ms. Georgianna Mickens, should be allowed to go forward, and Plaintiff should be allowed to petition Discovery material and bring this matter before a jury for an equal and comprehensive examination of the issues of this complaint.

Note: [The Courts] have repeatedly rejected the argument that institutional practices must be defective in the maximum degree before a violation of Constitutional Rights can be found and corrected. — Detainees of Brooklyn House of Detention v Malcom 520 F2d 392, 399; Rhem v Malcolm 507 F2d 333, 337

Respectfully Submitted This Date: 23 August 06

Leonard K Baylis

# Certificate of Service

I, Leonard K Baylis, hereby certify that I have served a true and correct cop(ies) of the attached: Re: 06-11-SLR Motion/Answer to Defendant (Georgiana Mickens) Motion to Dismiss upon the following parties/person (s):

TO: Eileen Kelley D.A.G.
Dept of Justice
820 N French St.
Wilmington, De. 19801

TO: Lorenza A. Corchar /
Kevin J Connors, Esquires
1220 N. Market St 5th Floor
P.O. Box 130
Wilmington, De. 19899-0130

TO: _____

TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

On this 23 day of August, 2006

_Leonard Baylis_

I/M Leonard Baylis
SBI# 100231 UNIT 23-D-L-3
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Clerk of the Court
U.S. District Court
District of Delaware
844 N King St, Lockbox 18
Wilmington, Delaware
19801-3570

Legal Mail