IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **LEONARD K. BAYLIS** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **Civ. No: 06-11-SLR** |
| **v.** | : | |
| | : | **JURY OF 12 DEMANDED** |
| **STANLEY TAYLOR, et al** | : | |
| | : | |
| **Defendant(s)** | : | |

**REPLY MOTION OF DEFENDANT, GEORGIANNA MICKENS, IN RESPONSE TO PLAINTIFF'S ANSWER BRIEF IN SUPPORT OF MS. MICKENS' <u>MOTION TO DISMISS</u>[1]**

1.  In order to be liable in a civil rights action, a defendant must have personal involvement in the alleged wrongs.[2] These allegations, however, must be made with appropriate particularity.[3] A claim may be dismissed because it fails to allege sufficient facts to support a cognizable legal claim.[4]

2.  To state a claim for an alleged Eighth Amendment violation for failure to provide adequate medical treatment to a prisoner, an act of a prison official becomes such a constitutional violation only when it results from the "deliberate indifference to a prisoner's serious illness or injury."[5] Thus, *Estelle* requires plaintiff to satisfy a two-prong test in order to impose liability under § 1983: i) deliberate indifference on the part of prison officials; and ii) the prisoner's medical needs must be serious.[6] However, the *Estelle* Court has also clarified the standard in that:

> an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid

---

[1] The Defendants waive their right to file a Reply Brief and submit this Motion in lieu thereof pursuant to Local Rule 7.1.2.
[2] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3rd Cir. 1988)(citations omitted).
[3] *Id.*
[4] Federal Rule of Civil Procedure 12(b)(6).
[5] *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).
[6] *Id.*

claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment. [7]

3.   Deliberate indifference requires a showing that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[8]

4.   The prisoner continues in his failure to set forth any specific allegations of Ms. Mickens' *personal involvement* in violating his civil rights. Conclusory allegations are not sufficient to support a claim pursuant to 42 U.S.C. § 1983.  Plaintiff's Amended Complaint under 42 U.S.C. § 1983 names Georgianna Mickens alleging that on November 29, 2005, while the dentist was preparing to do dental work on [inmate] Ms. Mickens "refused to let the work go forward, saying 'you might have to wait another year for dental work.'".  D.I. 25.  *This alleged statement is the sole basis for the prisoner's claim of a constitutional violation against Ms. Mickens.*  The only inference from the "facts" alleged by plaintiff are that Ms. Mickens, *a dental assistant*, made a statement on November 29, 2005 telling the prisoner he *may* have to wait another year for dental work.  This statement, even assuming it is true, can not constitute "an unnecessary and wanton infliction of pain", nor is it "repugnant to the conscience of mankind."  Moreover, there can be no inference that Ms. Mickens was aware of any facts to suggest that a "substantial risk of serious harm existed" to the prisoner.  There is no violation of the prisoner's constitutional rights by Ms. Mickens.

5.   Moreover, in his amended complaint, as to Ms. Mickens, plaintiff fails to assert a "serious medical need."  The mere fact that the prisoner was requesting dental work does not satisfy the second prong of *Estelle*.[9]

---

[7] *Id*. at 105-06 (citations omitted).
[8] ***Farmer v. Brennan***, 511 U.S. 825, 837 (1994).

6.	In his Answer Brief, D.I. 67, attempting to support his allegations against Ms. Mickens, the prisoner attaches a "sick call" request dated September 16, 2005[10], a grievance report dated January 11, 2006[11], a non-medical grievance dated February 28, 2006, a medical grievance dated February 28, 2006, a Grievance Appeal *dated August 3, 2006,* and three Health Care Services Fee Sheets, which appear to be from June, July and August (where the prisoner has written in "Difficulty with Digestion")(collectively "submissions").

Not one of these submissions provides any factual support which could be construed as a "reckless disregard" of or "actual intent" to disregard his medical needs by Ms. Mickens, nor do these submissions even reference Ms. Mickens, or the alleged incident/statement which seems to provide the foundation of plaintiff's claims of constitutional violation, nor is there any allegation that Ms. Mickens was aware of these submissions. Again, plaintiff fails to even identify the type of "dental work" that Ms. Mickens allegedly "refused to let …go forward" on November 29, 2005.  D. I. 25.  Plaintiff fails to state a claim against Ms. Mickens.

7.	A motion to dismiss for failure to state a claim upon which relief can be granted should be granted in the event that it is "beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[12] On the facts presented by the plaintiff in his Amended Complaint, plaintiff's claims against Georgianna Mickens should be dismissed pursuant to Federal Rule of Civil Procedure 12 (b)(6) for failure to state any claim upon which relief can be granted.

8.	In his Answer Brief, D.I. 67, plaintiff, in a relatively lengthy diatribe, assert a "negligence" formula, the implications of negligence, and the relationship of the formula to

---

[9] In plaintiff's Answer Brief, D.I. 67, plaintiff now asserts he is "suffering stomach problems" from not having dentures. Plaintiff's amended complaint fails to mention any "stomach problems". Moreover, any alleged "stomach problems" came months after Ms. Mickens alleged statement on November 29, 2005.

[10] This "sick call" slip predates the incident that provides the basis for the claims against Ms. Mickens.

[11] The January 11, 2006 grievance report indicates that the prisoner "signed off" on a grievance, i.e., it was resolved, November 15, 2005 while at Gander Hill.

[12] *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957).

plaintiff's claims for dental treatment. As *Estelle* explains, negligence is not enough to state a claim for a constitutional violation.[13]

9. In his first Amended Complaint, plaintiff claims to have exhausted his available administrative remedies, while at the same time stating that he received "no actual response or solution within [a] reasonable time." D.I. 25 at § II C. In the Answer Brief, D.I. 67, plaintiff claims that there has been "no reasonable response" to his dental issues.

10. In his Answer in Opposition, D.I. 67, the prisoner attaches an appeal, at his Exhibit D-1, dated *August 3, 2006*. This dated appeal is subsequent to the filing of his amended complaint, and is further evidence that the prisoner has failed to exhaust his administrative remedies prior to filing this amended complaint against Ms. Mickens.

11. 42 U.S.C. §1997e (a) should be applied without exception to promote the policy behind the exhaustion requirement, which is to allow the Department of Corrections an opportunity to discover and correct mistakes and conserve judicial resources. At the time this action was filed, several procedural steps remained under the Department of Corrections Inmate Grievance Procedure that were not completed, or not even sought by the plaintiff, thereby obviating any opportunity to discover and correct any alleged mistakes and wasting judicial resources. *As exemplified by these proceedings where plaintiff's complaints have already been addresse, and, presumably resolved,* D.I. 44, the need to exhaust administrative remedies is a necessary requirement to avoid wasting costly judicial resources. Therefore, plaintiff's amended complaint against Ms. Mickens must be dismissed as he has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act of 1996.

WHEREFORE, Defendant, Georgianna Mickens, moves this Honorable Court to dismiss, with prejudice, all claims against her pursuant to Fed. R. Civ. P. 12(b)(6).

---

[13] Thus, plaintiff provides an alternative justification for the dismissal of these claims against Ms. Mickens.

                                      MARSHALL, DENNEHEY, WARNER,
COLEMAN AND GOGGIN

BY:   /s/Kevin J. Connors
        KEVIN J. CONNORS, ESQUIRE,(DE ID # 2135)
        LORENZA A. WOLHAR, (DE ID # 3971)
        1220 N. Market Street, 5th Floor
        P.O. Box 130
        Wilmington, DE  19899-0130
        (302) 552-4302
        Attorneys for Defendants, Christine Malaney, Dr. Anthony Cannuli, M.D., Charles Benton and Georgianna Mickens

DATED: August 31, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **LEONARD K. BAYLIS** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **Civ. No: 06-11-SLR** |
| **v.** | : | |
| | : | **JURY OF 12 DEMANDED** |
| **STANLEY TAYLOR, et al** | : | |
| | : | |
| **Defendant(s)** | : | |

## CERTIFICATE OF SERVICE

      I hereby certify that on August 31, 2006, I electronically filed the Reply Motion of Defendant, Georgianna Mickens, in Response to Plaintiff's Answer Brief in Support of Ms. Mickens' Motion to Dismiss with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

Eileen Kelly, Esquire
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE  19801

      I hereby certify that on August 31, 2006, I have mailed by United States Postal Service, the Reply Motion of Defendant, Georgianna Mickens, in Response to Plaintiff's Answer Brief in Support of Ms. Mickens' Motion to Dismiss to the following non-registered participant:

Leonard K. Baylis
SBI00100231
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE  19977

                                         MARSHALL, DENNEHEY, WARNER,
                                         COLEMAN AND GOGGIN

                          BY:   /s/Kevin J. Connors
                                    KEVIN J. CONNORS, ESQUIRE,(DE ID # 2135)
                                    LORENZA A. WOLHAR, (DE ID # 3971)
                                    1220 N. Market Street, 5th Floor
                                    P.O. Box 130
                                    Wilmington, DE  19899-0130
                                    (302) 552-4302
                                    Attorneys for Defendants, Christine Malaney, Anthony
                                    Cannuli, M.D., Charles Benton & Georgianna Mickens