In The United States District Court
District of Delaware

Leonard Baylis

v

Stanley Taylor;  et al
Correctional Medical Systems

Case # 06-11-SLR

FILED
2006 SEP -7 PM 2:11
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BO scanned

Plaintiff's Answer to Defendant's
31 August 06, Argument to Dismiss

In answer to Defendant Georgianna Mieken's 31 August 06 Argument to Dismiss, Plaintiff notes how Defendant distracts from the core issue of complaint by arguing that Plaintiff had not previously brought up the "Stomach problem" issue when in fact he has. See exhibit A-D. And that grievance re dental treatment had been resolved, when it has not. See exhibit C.

The fact is that the Department of Corrections, via its Medical Services, via Georgianna Mickens, has refused to provide Plaintiff

proper dental treatment. This is easy to prove by Plaintiff's diligence in seeking dental treatment (for approx 1 year now) And the very obvious fact that, to this day, Plaintiff is without teeth.

In Estelle, the Court ruled that deliberate indifference can be manifested by a doctor's refusal to administer needed treatment — Estelle v Gamble, 429 US at 104, 105; 97 S ct at 291, 292.

Furthermore in Todaro v Ward, 431 F Supp 1129; 565 F2d 48. Judge Ward ruled that there are two catagories of deliberate indifference: denied or unreasonably delayed access to a physician for diagnosis and treatment And Failure to administer treatment prescribed...

Plaintiff will prove that he has been seeking dental treatment since March, 05, beginning at Gander Hill And that, since November 05, Plaintiff has been seeking dental treatment here at the Delaware Correctional Center.

Plaintiff will also prove that Georgianna Mickens refused to provide Plaintiff with proper dental treatment.

The unnecessary delay of dental treatment and the in-house grievance system's failure to remedy this neglect in a reasonable amount of time, has left Plaintiff no choice but to bring complaint to this Court.

Defendant's failure to provide timely and adequate dental care can stem from one or two things — outright personal negligence or negligence by way of shortage of staff.

When systematic deficiencies in staffing, facilities or procedures make unnecessary suffering inevitable, a Court will not hesitate to use its injunctive powers — Newman v Alabama Supra 503 F2d at 1328-30; Cruz v Ward 558 F2d 658, 662 -

The states obligation applies to dental care — Chapman v Rhodes 434 F Supp 1007, 1020

IV

The effort it would take to solve this issue being quite small compared to the possible cost and consequences to both Plaintiff and Defendants of not solving or even attempting to solve this issue — Plaintiff asserts willful neglect and wishes to proceed with discovery and bring this matter before a jury.

Respectfully Submitted 5 September 06

*[signature]*

Leonard Baylis
Delaware Correctional Center
Smyrna DE 19977

## Certificate of Service

I, _Leonard K Baylis_, hereby certify that I have served a true And correct cop(ies) of the attached: _Answer to Defendants 31 August 06 Argument to dismiss_ upon the following parties/person (s):

TO: _Eileen Kelley_ ~~Loren Meyers~~
_D.A-G. 820 N French St_
_Wilmgta De 19805_

TO: _Kevin J Conners_
_Lorenta A Wolhar_
_Attorneys 1220 N_
_Market St. Wilmington_
_De 19899_

TO: _____

TO: _____

BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this _5th_ day of _September_, 200_6_

_Leonard Bayli_

FROM Leonard Baylis
SBI# 100631  UNIT D-L-1
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Clerk
U.S. District court
844 N. King St. Lockbox 18
Wilmington Delaware 19801-3570